IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L MEADOWS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | 3:15-cv-1173-P |
| | § | |
| LATSHAW DRILLING COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Now before the Court is Plaintiffs' Motion to Conditionally Certify a Collective Action and to Issue Notice. Doc. 24. Defendant Latshaw Drilling Company, LLC ("Latshaw") filed a response on September 18, 2015. Doc. 26. Plaintiffs filed a reply on October 1, 2015. Doc. 27.

After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Plaintiffs' Motion for Conditional Class Certification and Judicial Notice.

**I.    Background**

On March 9, 2015, Plaintiffs brought suit alleging a violation of the Fair Labor Standards Act ("FLSA"). They allege that their employer, Latshaw Drilling Company, LLC, failed to properly pay them and other employees overtime wages "due to Defendant's failure to include all remuneration required by the FLSA in calculating their respective regular rates of pay." Doc. 1 at 10. Specifically, Plaintiffs assert that Latshaw failed to include oil-based mud pay and incentive bonuses in calculating their respective regular rates of pay. *Id.* at 6. Plaintiffs now move for conditional class certification and judicial notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b). Doc. 24.

## II. Legal Standard—Class Certification Pursuant to the Collective Action Provisions of 29 U.S.C. § 216(b)

The Fifth Circuit has declined to adopt a specific test for determining whether to allow notification of potential plaintiffs. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). But the prevailing analysis used by federal courts, and the Northern District of Texas, is the two-stage approach first propounded by the court in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney*, 54 F.3d at 1212; *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004).

In the first stage of the analysis, the notice stage, the Court inquires as to whether a plaintiff has provided sufficient evidence that similarly situated plaintiffs exist. *Mooney*, 54 F.3d at 1213-14. At this stage, the Court uses a lenient standard and if the Court finds certification appropriate, it usually conditionally certifies the class. *Id.* At the second stage, the Court re-examines the class after notice, time for opting-in, and discovery have taken place. *Id.* at 1214. If it finds the class is no longer made up of similarly situated persons, it may decertify the class. *Id.* This second inquiry is usually conducted in response to a motion to decertify by the defendant. *Id.*

At the initial stage, a court ordinarily possesses "minimal evidence" and is thus instructed to apply a lenient standard in determining whether to conditionally certify. *Id.* at 1212. At the second stage, when more evidence is available, courts typically consider three factors in determining whether potential plaintiffs are similarly situated. Such factors include (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural considerations. *Basco v. Wal-Mart Stores, Inc.*, CIV.A. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004); *see also Mooney*, 54 F.3d at 1213 n. 7 (citing *Lusardi*, 118 F.R.D. at

359). However, where the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent. *Basco*, 2004 WL 1497709, at *4.

In the present case, the parties have not conducted any discovery, so the Court will not engage in the second step of the analysis at this time. This Court must therefore apply a lenient standard in determining whether to conditionally certify the class. "The question [now] before this court is whether, under the lenient standard of the notice stage, the plaintiff, through their pleadings and affidavits, have demonstrated that the named plaintiffs are 'similarly situated' to the potential class members." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007).

If a court decides to grant conditional certification, it then has discretionary power to authorize judicial notice to potential class members to inform them of the action and give them an opportunity to participate by opting in. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

### III. Analysis

This case is at the "notice stage" of the *Lusardi* analysis. Because the parties have presented minimal evidence, in the form of affidavits, the decision whether to conditionally certify a class and issue notice to potential class members is "made using a fairly lenient standard." *Mooney*, 54 F.3d at 1213. "At this stage, a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012).

#### A. Reasonable Basis for Crediting Assertions that Aggrieved Individuals Exist

For the first step of the analysis, Plaintiffs "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916-17 (S.D. Tex. 2010). In this case, Plaintiffs have provided four declarations stating that Latshaw failed to include incentive bonuses and oil-based mud pay when calculating their regular rate of pay. Doc. 24 at 14. Furthermore, in three of these declarations Plaintiffs state that they are personally aware of other hourly-paid employees who were paid oil-based mud pay and incentive bonuses that were not included in calculating their regular rates of pay. Docs. 25-1 at ¶ 15, 25-3 at ¶ 8, 25-4 at ¶ 8.

These declarations each provide allegations that Plaintiffs were hourly workers whose regular rates of pay improperly excluded oil-based mud pay and incentive bonuses. They further allege that the calculation of the regular rate of pay was a company policy or practice and that they know of other employees whose regular rates of pay were determined the same way. Notably, Latshaw never argues that it did not have a policy or practice of excluding oil-based mud pay or incentive bonuses from its hourly employees' regular rates of pay. Instead, Latshaw only argues that it was not unlawful to exclude oil-based mud pay or incentive bonuses from regular rates of pay. This argument, however, goes to the merits of Plaintiffs' claims and is not appropriate in determining whether to conditionally certify an FLSA collective action. Accordingly, the Court finds that Plaintiffs have shown that it is reasonable to believe that there are other aggrieved individuals.

### B. Are the Aggrieved Individuals Similarly Situated?

The Court next considers whether the potential other aggrieved individuals are similarly situated to Plaintiffs. Courts have held that potential class members should be considered similarly situated for purposes of FLSA collective actions if they are:

> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

*Villarreal*, 751 F. Supp. 2d at 918 (citation omitted). However, "[i]f the job duties among putative class members vary significantly, then class certification should be denied." *Id.*

Plaintiffs argue that although they had different job titles, worked on different rigs in different states, and were paid different rates; they all "experienced the same practice and policy of not having all remuneration included in their regular rates of pay by [Latshaw]." Doc. 24 at 15. Furthermore, Plaintiffs argue that all "putative class members were hourly-paid employees of [Latshaw's] who did manual labor on drilling rigs relevant to [Latshaw's] oil and gas drilling operations." *Id.* at 15-16. These claims, Plaintiffs argue, are not purely personal to themselves. *Id.* at 16.

Latshaw counters that Plaintiffs have failed to show similarly situated employees because they "do not state in their affidavits that they have any direct or first-hand knowledge of any allegedly wrongful practice outside of their own individual situation." Doc. 26 at 13. Latshaw then continues to attack Plaintiffs' declarations as "mere anecdotal evidence . . . based solely on personal situations and some rank hearsay." *Id.*

Given the lenient standard at this stage, the evidence is sufficient to show that the putative class is similarly situated to Plaintiffs. As discussed earlier, Plaintiffs' declarations detail Latshaw's alleged failure to include oil-based mud pay and incentive bonuses in calculating their regular rates of pay. These declarations further detail why plaintiffs believe there are other similarly situated employees who, like Plaintiffs, are hourly-paid employees whose regular rates

of pay are and were calculated incorrectly because of Latshaw's policy of not including oil-based mud pay and incentive bonuses for calculating overtime rates of pay. Even had Latshaw made a hearsay objection to Plaintiffs' evidence regarding what they heard during conversations with other co-workers, such evidence could only be excluded to the extent it was being offered for the truth of the matter asserted. At this stage the Court is not concerned with whether any given co-worker was telling the truth when he told one of the plaintiffs details of his compensation. Instead, at this stage it is sufficient that this evidence "provide a basis for Plaintiff[s'] belief that aggrieved individuals exist who may be owed overtime compensation." *Villarreal*, 751 F. Supp. 2d at 912 (sustaining a hearsay objection to similar evidence to the extent it was offered for the truth of the matter asserted, but allowing it as competent evidence to support conditional certification).

### C. Do the Similarly Situated Aggrieved Individuals Want to Opt In?

The Court also rejects Latshaw's argument that Plaintiffs have provided no evidence that other employees are interested in opting in to the lawsuit. Although direct evidence from possible opt-in plaintiffs is "relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class," the Fifth Circuit has not determined whether it is required. *Carey v. 24 Hour Fitness USA, Inc.*, CIV.A. H-10-3009, 2012 WL 4857562, at *3 (S.D. Tex. Oct. 11, 2012) (Atlas, J.). Furthermore, courts have generally only found this to be a requirement when there is a single plaintiff. *Simmons v. T–Mobile USA, Inc.*, 2007 WL 210008, *9 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) (stating that the Fifth Circuit has presumably not addressed this issue because "generally there are multiple plaintiffs or several current or former employees that seek to join the suit and provide affidavits in support of the conditional certification."). It is logical that a prerequisite of evidence from possible opt-in plaintiffs should only apply to single-plaintiff cases. In multi-plaintiff cases, like this one, the fact that others have already joined the

original plaintiff is evidence that there are likely additional aggrieved individuals who would want to opt in.

The Court recognizes that Plaintiffs' argument would be stronger had Plaintiffs attached affidavits from putative class members who had not yet joined as named plaintiffs; however, the Court remains satisfied that others may want to opt in because the declarations from named Plaintiffs provide sufficiently specific information about other employees. *See Huaman*, 2014 U.S. Dist. LEXIS 114675 at *14; *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (collecting cases holding that "other courts have allowed for class certification without either the submission of statements from similarly situated employees, or affidavits from named Plaintiffs that provide specific information about other employees."); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012). The fact that multiple named plaintiffs bring suit and testify to the existence of similarly-situated individuals should usually be sufficient evidence to show that other putative class members are interested in opting in to the litigation. *Jones*, 281 F.R.D. at 291-92 (noting that as many as eight and as few as two declarations have satisfied the first stage of certification proceedings); *but cf. Songer*, 569 F. Supp. 2d at 707-08 (denying certification when five named plaintiffs' unspecific affidavits were attached).

For these reasons, the Court grants Plaintiffs' motion for conditional class certification.

### IV. Proposed Notice

Latshaw challenges Plaintiffs' proposed notice on five grounds. Doc. 26 at 16-19. First, Latshaw argues that the notice should more fully disclose possible costs such as paying its legal fees in the event Plaintiffs lose. *Id.* at 17. Next, Latshaw argues that it is improper to include the Court's name at the top of the notice. *Id.* Third, Latshaw argues the notice should inform putative class members that if they opt in they may be required to give a deposition or respond to written

discovery. *Id.* at 18. Fourth, Latshaw contends that Plaintiffs should not be allowed to send a follow-up post card. *Id.* Finally, Latshaw argues that the Plaintiffs fail to include a proper time restriction on the eligibility of potential plaintiffs. *Id.* at 18-19.

The Court disagrees with most of these challenges. First, the Court disagrees that the notice should include a warning of potential liability. As Plaintiffs argue, the FLSA does not provide for attorneys' fees for a prevailing defendant. Doc. 27 at 7; *see also* 29 U.S.C. § 216(b). The Court agrees with Latshaw's second point. The Court's name at the top of the proposed notice could mislead a potential class member. The notice that was given in *Foraker v. Highpoint S.W. Servs., L.P.*, 2006 WL 2585047 (S.D. Tex. Sept. 7, 2006) (cited by Latshaw) includes in the footer the statement that "The United States District Court in Houston, Texas, approved this Notice." Doc. 28-1. The Court is of the opinion that such a reference is acceptable. Third, the Court disagrees that notice must include a warning that depositions or written discovery could result from joining. Latshaw did not provide the Court with any legal authority requiring such notice in an FLSA collective action. Fourth, Latshaw also did not provide any authority disallowing a postcard reminder while Plaintiffs, on the other hand, did provide authority where a postcard was allowed. The Court finds that it is appropriate to allow a postcard reminder in this case, subject to the parties' agreement or the Court's prior approval of the form and contents of the postcard. Finally, the Court agrees that the time restriction set out in the proposed notice is inappropriate because this motion for conditional certification did not toll the three-year statute of limitations. Accordingly, the proper time restriction should be three years prior to the date of this order.

Although the issue was not raised by Defendant, the Court does not approve of the statement on the first page of the proposed notice that "*This is not a solicitation from a lawyer.*"

Accordingly, the Court approves of the proposed notice once amended to incorporate the above changes.

## V.     Conclusion

For the foregoing reasons, the Court GRANTS in part Plaintiffs' Motion to Conditionally Certify a Collective Action and to Issue Notice.  The Court conditionally certifies the following class:

> All hourly-paid Latshaw oilfield workers who worked more than 40 hours in any given work week since [Date of this order minus three years] and received either oil-based mud pay or incentive bonuses that were not included in calculating applicable overtime rates of pay.

Defendant is ordered to provide Plaintiffs with the full names, last known addresses, last known phone numbers, last known email addresses, dates of birth, and dates of employment of the Putative Class Members in a usable electronic format within 7 days of the date of this order. Plaintiffs shall send out a copy of the proposed notice and consent forms, amended to comply with this order, within 20 days of receiving information for the Putative Class Members.  The Putative Class Members shall have 90 days to return their signed consent forms and Plaintiffs may send a an approved postcard reminder 60 days after the date notice is first mailed to the Putative Class Members.

**IT IS SO ORDERED.**

Signed this 24th day of February, 2016.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE