# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L. MEADOWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-cv-01173-N |
| | § | |
| LATSHAW DRILLING COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF MELINDA ARBUCKLE

My name is Melinda Arbuckle. I am over the age of 18 and the statements in this declaration are true and correct of my own personal knowledge. I am competent to testify regarding the statements contained herein. I hereby declare as follows:

1.      "I am an employee of the law firm of Baron & Budd, P.C. and an attorney for Plaintiff Johnny Meadows ("Plaintiff" or "Meadows") and the collective action members in the above-captioned case against Defendant Latshaw Drilling Company, LLC ("Defendant" or "Latshaw").

## I.      IN SUPPORT OF RATES

2.      Attached hereto as **EXHIBIT 1** is a chart summarizing the approved rates of various attorneys in the Northern District cases in employment law cases based on published and unpublished cases. In the event a case is not readily accessible on Westlaw, the order approving the rate is attached after the chart. I researched the license date of the attorney using the State Bar of Texas's "Find a Lawyer" function. *See* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Search_Form_Client_Main.cfm (date of last access: May 9, 2019). The Court may take judicial notice of the information contained

on that website. I increased the approved rates to account for inflation using the Consumer Price Index for Legal Services per the United States Bureau for Labor Statistics.

3.      As shown, Allen Vaught's requested rate of $410.00/hour is within the range of approved rates, and less than his approved rate in *Aguayo* after accounting for inflation. *See* **EXHIBIT 1, p. 5**.

4.      The requested rates of associate attorneys are also in range of those that have been approved in other cases, even without accounting for inflation. For instance, attorneys Melinda Arbuckle, Michael Ellis, Rebecca Currier and Shreedhar Patel all have between 7-9 years of experience. Their requested rate of $325.00/hour is within range of what has been approved in other cases. *See* **EXHIBIT 1, pp. 10-12** (ranging from $300-500, before accounting for inflation).

5.      The requested rate of Farsheed Fozouni, $275.00/hour, is similarly supported by other approved rates for new lawyers. *See* **EXHIBIT 1, pp. 15-17** (ranging from $250-275, before accounting for inflation).

## II.      IN SUPPORT OF COSTS

6.      I am one of the custodians of records for the law firm of Baron & Budd, P.C. The attached records, attached as **EXHIBIT 2** to this declaration are receipts for transactions for costs necessarily incurred in litigating the above-captioned case, and are individually numbered therein:

### A.      Fees of the Clerk - $400

- *Exhibit 2-1*: $400 fee paid to U.S. clerk for filing Original Complaint - Email generated by pay.gov; receipt for filing fees for Original Complaint originally filed in Western District of Texas, Midland Division, Case. No. 7:15-cv-00030 on 3/9/2015;

### B.      Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case - $10,281.79

- *Exhibit 3-2*: $735 fee for video deposition of defense witness Trent Latshaw, less fee for "Archive/Administration Fee/Processing/Handling"

and shipping fee – Invoice sent from Elite Video Productions, Inc. on 8/21/2017;

- *Exhibit 2-3*: $995.45 fee for copy of deposition transcript of defense witness Trent Latshaw – Invoice sent by Stryker Reporting on 9/7/2017;[1]

- *Exhibit 2-4*: $632.50 fee for video deposition of defense witness Amanda Reid, less fee for "Archive/Administration Fee/Processing/Handling" and shipping fee – Invoice sent from Elite Video Productions, Inc. on 7/13/2017;

- *Exhibit 2-5*: $1,179.85 fee for copy of deposition transcript of defense witness Amanda Reid – Invoice sent by Stryker Reporting on 9/25/2017;[2]

- *Exhibit 2-6*: $917.70 fee for copy of deposition transcript of expert witness Brian Farrington, less incidental fees – Invoice sent from Document Technologies, LLC d/b/a Epiq Court Reporting on 1/31/2018;

- *Exhibit 2-7*: $783.15 fee for copy of deposition transcript of expert witness Randall O'Neal, less incidental fees – Invoice sent from Stratos Legal on 1/31/2018;

- *Exhibit 2-8*: $100.00 fee for copy of deposition transcript of Discovery Plaintiff Tito Gaucin taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 10/4/2016;

---

[1]    *See, e.g.*, *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789-90 (N.D. Tex. 2014) (Lynn, J.) ("[. . .] Section 1920(2) authorizes recovery of costs for the printed transcript or the video recording of a deposition or both [. . .] this does not require the actual use at trial of both the paper transcript and the video recording. Rather, Section 1920(2) authorizes recovery of the cost for both so long as, at the time that a transcript was obtained ad a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery."). Plaintiff cited Mr. Latshaw's deposition extensively in connection with Plaintiff's Motion for Summary Judgment (*See* ECF No. 96, 97-2), and Plaintiff was reasonable to assume that the video testimony might have been necessary for trial purposes. Given the health issues of the deponent which had made scheduling his deposition difficult and that the trial was originally intended to be a jury trial, it was possible that video testimony would have been necessary.

[2]    *See id.* Plaintiff cited Ms. Reid's deposition extensively in connection with Plaintiff's Motion for Summary Judgment (*See* ECF No. 96, 97-1), and Plaintiff was reasonable to assume that the video testimony might have been necessary for trial purposes. Given that Ms. Reid eventually did leave her employment with Defendant and that the trial was originally intended to be a jury trial, it was possible that video testimony would have been necessary.

- *Exhibit 2-9*: $101.00 fee for copy of deposition transcript of Discovery Plaintiff Jarrett Osburn taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 11/22/2016;

- *Exhibit 2-10*: $129.00 fee for copy of deposition transcript of Discovery Plaintiff Ricky Loomis taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 11/23/2016;

- *Exhibit 2-11*: $108.00 fee for copy of deposition transcript of Discovery Plaintiff Chance Abeyta taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 11/23/2016;

- *Exhibit 2-12*: $103.00 fee for copy of deposition transcript of Discovery Plaintiff Justin Weems taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 11/23/2016;

- *Exhibit 2-13*: $106.00 fee for copy of deposition transcript of Discovery Plaintiff Richard Foster taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 12/28/2016;

- *Exhibit 2-14*: $102.00 fee for copy of deposition transcript of Discovery Plaintiff Jacob Batten taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 12/28/2016;

- *Exhibit 2-15*: $110.00 fee for copy of deposition transcript of Discovery Plaintiff Bobby Wilkinson taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 2/28/2017;

- *Exhibit 2-16*: $154.00 fee for copy of deposition transcript of Discovery Plaintiff Robert Barela taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 2/28/2017;

- *Exhibit 2-17*: $173.00 fee for copy of deposition transcript of Plaintiff Johnny Meadows taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 4/25/2017;

- *Exhibit 2-18*: $130.00 fee for copy of deposition transcript of Discovery Plaintiff Derek Munger taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 4/26/2017;

- *Exhibit 2-19*: $100.00 fee for copy of deposition transcript of Discovery Plaintiff Sanford Bissell taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 4/26/2017;

- *Exhibit 2-20*: $213.00 fee for copy of deposition transcript of Discovery Plaintiff Dominic Cerna taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 7/17/2017;

- *Exhibit 2-21*: $185.00 fee for copy of deposition transcript of Discovery Plaintiff Margarito Rodriguez taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 7/25/2017;

- *Exhibit 2-22*: $184.00 fee for copy of deposition transcript of Discovery Plaintiff Robert Woods taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 8/24/2017;

- *Exhibit 2-23*: $167.00 fee for copy of deposition transcript of Discovery Plaintiff Bryan Burge taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 8/25/2017;

- *Exhibit 2-24*: $121.00 fee for copy of deposition transcript of Discovery Plaintiff Thomas Brown taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 8/30/2017;

- *Exhibit 2-25*: $155.00 fee for copy of deposition transcript of Discovery Plaintiff Daniel Begley taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 8/30/2017;

- *Exhibit 2-26*: $100.00 fee for copy of deposition transcript of Discovery Plaintiff Jason Thomas taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 8/24/2017;

- *Exhibit 2-27*: $170.00 fee for copy of deposition transcript of Discovery Plaintiff Brian Menasco taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 9/14/2016;

- *Exhibit 2-28*: $124.00 fee for copy of deposition transcript of Discovery Plaintiff Jeff Goodwin taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 9/14/2016;

- *Exhibit 2-29*: $111.00 fee for copy of deposition transcript of Discovery Plaintiff William Hilyer taken at the instance of Defendant – Invoice sent from Larry J. Warwick on 9/14/2016;

- *Exhibit 2-30*: $115.00 fee for copy of deposition transcript and exhibits of Discovery Plaintiff Donald Medlin taken at the instance of Defendant – Invoice sent from DTI on 6/30/2017; $212.00 fee for copy of deposition transcript and exhibits of Discovery Plaintiff John Ellis taken at the instance of Defendant – Invoice sent from DTI on 6/30/2017;

- *Exhibit 2-31*: $261.80 fee for copy of deposition transcript of Discovery Plaintiff Chance Blasingame taken at the instance of Defendant – Invoice sent from DTI on 6/30/2017;

- *Exhibit 2-32*: $337.20 fee for copy of trial transcript volumes 1 and 2, necessary for use in connection with post-trial briefing – Invoice sent from Shawn McRoberts on 8/3/2018;

- *Exhibit 2-33*: $1,166.14 fee for copy of remainder of trial transcript volumes 3 and 4, necessary for use in connection with post-trial briefing – Invoice sent from Shawn McRoberts on 8/12/2018;

**C.** **Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies Are Necessarily Obtained for Use in the Case**

- *Exhibit 2-34*: $2,479.50 fee for two copies of Plaintiff's trial exhibits; one served on Defendant and one brought to trial necessary for use in the case;

**D.** **Witness Fees**

- *Exhibits 2-35/2-36:* $80 fee for Amanda Reid and $80 fee for Trent Latshaw to appear at trial.

7.      These records were and are kept by Baron & Budd, P.C. in the regular course of business. It was and is the regular course of business for employees of Baron & Budd, P.C. with knowledge of the act(s), event(s), condition(s), or opinion(s) recorded to make the record(s) or to transmit information thereof to be included in such record(s). The records attached hereto were made at or near the time of the act, event condition, or opinion recorded, or reasonably soon thereafter. The attached records are exact duplicates of the original records reflecting the costs necessarily incurred by Plaintiff and the collective action members in litigating the above-captioned case.

8.      I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

9.      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct."


EXECUTED THIS 9th DAY OF MAY, 2019 in the CITY OF DALLAS, in the STATE OF TEXAS.


_____

MELINDA ARBUCKLE

# EXHIBIT 1

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | **NORTHERN DISTRICT OF TEXAS** | | |
|---|---|---|---|---|---|---|
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $793.58 | $685.00 | 41 | 09/25/72 | Hal Gillespie  | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O, 2013 WL 6838302, at *9 (N.D. Tex. Dec. 27, 2013) (O'Connor, J.) (Age Discrimination in Employment Act case brought by employee against employer Raytheon due to termination alleged to be the result of employee's advanced age). |
| $756.02 | $700.00 | 37 | 11/12/79 | Russell Budd  | 12/08/16 | *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2016 WL 7178967, at *16 (N.D. Tex. Dec. 8, 2016) (Boyle, J.) (Fair Labor Standards Act and § 1981 discrimination case brought by employees of Jack in the Box franchisee for failure to pay overtime and discrimination on the basis of hispanic race or ancestry/Hispanic ethnic characteristics). |
| $781.53 | $700.00 | 35 | 11/12/79 | Russell Budd  | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 810 (N.D. Tex. 2015) (Boyle, J.) (Fair Labor Standards Act case brought by truck drivers for employer's failure to pay overtime wages). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

App. p. 70

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| NORTHERN DISTRICT OF TEXAS | | | | | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $702.02 | $650.00 | 29 | 11/07/86 | Brian Sanford  | 02/03/16 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-2265-M, 2015 WL 9997211, at *3 (N.D. Tex. Dec. 28, 2015) (Horan, M.J.) *report and recommendation adopted by* 2016 WL 407357, at *1 (N.D. Tex. Feb. 3, 2016) (Lynn, J.) (Title VII retaliation case). |
| $637.18 | $550.00 | 29 | 07/06/84 | Yona Rozen  | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O, 2013 WL 6838302, at *9 (N.D. Tex. Dec. 27, 2013) (O'Connor, J.) (Age Discrimination in Employment Act case brought by employee against employer Raytheon due to termination alleged to be the result of employee's advanced age). |
| $940.32 | $750.00 | 25 | 11/08/85 | Charla Aldous  | 07/27/10 | *Nassar v. Univ. of Texas Southwestern Med. Ctr.*, No. 3:08-CV-1337-B, 2010 WL 3000877, at *5 (N.D. Tex. July 27, 2010) (Boyle, J.) *rev'd on other grounds by* 570 U.S. 338 (2013) (Title VII action brought by physician of middle eastern descent against state university employer on grounds of racial and religious harassment and retaliation for lodging complaint regarding said harassment). |

---

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | NORTHERN DISTRICT OF TEXAS | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $432.01 | $400.00 | 24 | 05/01/92 | David Langenfeld  | 03/30/16 | *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (Lindsay, J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $534.61 | $495.00 | 23 | 11/05/93 | Bobby Lee  | 06/14/16 | *Calahan v. BMJ Food Corp.*, No. 4:15-cv-251-O (N.D. Tex. June 14, 2016) (O'Connor, J.) (Dkt. No. 29) (Title VII and § 1981 case). |
| $446.59 | $400.00 | 22 | 11/05/93 | Douglas Welmaker  | 11/23/15 | *Henderson v. Fenwick Protective, Inc.*, No. 3:14-cv-505-M-BN, 2015 WL 9582755, at * (N.D. Tex. Nov. 23, 2015) (Horan, M.J.) *report and recommendation adopted by* 2015 WL 9582147, at *1 (N.D. Tex. Dec. 28, 2015). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | **NORTHERN DISTRICT OF TEXAS** | | |
|---|---|---|---|---|---|---|
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $432.01 | $400.00 | 22 | 11/05/93 | Douglas Welmaker  | 03/30/16 | *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (Lindsay, J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $417.15 | $400.00 | 21 | 05/22/96 | Trang Tran  | 04/11/17 | *Dobson v. Timeless Rests., Inc.*, No. 3:09-cv-2481, 2017 WL 1330164, at *2 (N.D. Tex. Apr. 11, 2017) (Lindsay, J.) (Fair Labor Standards Act case for unpaid wages). |
| $789.47 | $650.00 | 20 | 11/01/91 | Joel Fineberg | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (N.D. Tex. Aug. 4, 2011) (Furgeson, J.) (Dkt. No. 201) (Fair Labor Standards Act case brought by transportation workers who alleged they had not received all due overtime wages). |

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $534.61 | $495.00 | 20 | 11/03/95 | J. Derek Braziel  | 01/26/16 | *Farasat v. RP Managing Partners, LLC*, No. 3:13-cv-99279-l, 2016 WL 304871, at *6 (N.D. Tex. Jan. 26, 2016) (Fair Labor Standards Act case brought by tipped employees alleging unlawful retention of tips and retaliation). |
| $490.15 | $470.00 | 19 | 11/07/97 | Howard Steele  | 03/08/17 | *Pereyra v. Navika Capital Grp. LLC*, No. 4:15-CV-00615-O (N.D. Tex. Mar. 8, 2017) (O'Connor, J.) (Dkt. No. 83) (Fair Labor Standards Act case). |
| $432.01 | $400.00 | 19 | 05/01/98 | Allen Vaught  | 12/08/16 | *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2016 WL 7178967, at *16 (N.D. Tex. Dec. 8, 2016) (Boyle, J.) (Fair Labor Standards Act and § 1981 discrimination case brought by employees of Jack in the Box franchisee for failure to pay overtime and discrimination on the basis of hispanic race or ancestry/Hispanic ethnic characteristics). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $607.28 | $500.00 | 18 | 11/05/93 | Richard Norman  | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (N.D. Tex. Aug. 4, 2011) (Furgeson, J.) (Dkt. No. 201) (Fair Labor Standards Act case brought by transportation workers who alleged they had not received all due overtime wages). |
| $538.76 | $475.00 | 18 | 11/03/95 | Jeffrey Goldfarb  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-cv-1332-P, 2014 WL 11291660, at *2 (N.D. Tex. Apr. 9, 2014) (Solis J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $487.90 | $437.00 | 18 | 1997 (Ill.) | Peter Milianti  | 12/23/15 | *McAfee v. Schneider Nat'l Carriers Inc.*, No. 3:14-cv-01500-K (N.D. Tex. Dec. 23, 2015) (Horan, M.J., Kinkeade, J.) (Dkt No. 52) (order entering fees for defendant in connection with motion to compel in race discrimination case). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted\* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $573.46 | $495.00 | 17 | 11/03/95 | J. Derek Braziel  | 02/28/13 | *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B (N.D. Tex. Feb. 28, 2013) (Boyle, J.) (Dkt. No. 26) (adopting rates claimed by lawyers in Dkt. No. 24) (Fair Labor Standards Act case brought by employees for employers failure to pay overtime premium wages for hours worked over 40 in a workweek). |
| $486.01 | $450.00 | 17 | 11/06/98 | Barry Hersh  | 02/03/16 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-2265-M, 2015 WL 9997211, at \*4 (N.D. Tex. Dec. 28, 2015) (Horan, M.J.) *report and recommendation adopted by* 2016 WL 407357, at \*1 (N.D. Tex. Feb. 3, 2016) (Lynn, J.) (Title VII retaliation case). |
| $485.83 | $400.00 | 17 | 11/04/94 | R. Martin Weber  | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (N.D. Tex. Aug. 4, 2011) (Furgeson, J.) (Dkt. No. 201) (Fair Labor Standards Act case brought by transportation workers who alleged they had not received all due overtime wages). |

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| NORTHERN DISTRICT OF TEXAS | | | | | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $446.59 | $400.00 | 17 | 05/01/98 | Allen Vaught | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 810 (N.D. Tex. 2015) (Boyle, J.) (Fair Labor Standards Act case brought by truck drivers for employer's failure to pay overtime wages). |
| $486.01 | $450.00 | 16 | 11/01/00 | Danielle Matthews | 06/21/16 | *Areizaga v. ADW Corp.*, No. , 2016 WL 3406071, at *6 (N.D. Tex. June 21, 2016) (Horan, M.J., Boyle, J.) (order for defendant entering fees in connection with motion to compel in Fair Labor Standards Act case for minimum wages). |
| $538.76 | $475.00 | 14 | 11/03/99 | Charles Branham | 04/09/14 | *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-cv-1332-P, 2014 WL 11291660, at *2 (N.D. Tex. Apr. 9, 2014) (Solis J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |

\*     Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

App. p. 77

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| NORTHERN DISTRICT OF TEXAS | | | | | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $510.96 | $457.65 | 13 | 11/06/02 | Karen Denney  | 06/18/15 | *Garofalo v. Taco Bueno, LP*, 3:14-CV-2616-M-BH (N.D. Tex. June 18, 2015) (Ramirez, M.J.) (Dkt. No. 49) (order entering fees for defendant in connection with motion to compel in Title VII and ADA case brought by employee alleging damages for employer's discrimination on basis of race, disability, and religion and for retaliation). |
| $365.01 | $350.00 | 12 | 05/05/05 | Andrew Iwata  | 04/11/17 | *Dobson v. Timeless Rests., Inc.*, No. 3:09-cv-2481, 2017 WL 1330164, at *2 (N.D. Tex. Apr. 11, 2017) (Lindsay, J.) (Fair Labor Standards Act case for unpaid wages). |
| $728.74 | $600.00 | 11 | 11/01/00 | Stuart Cochran  | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (N.D. Tex. Aug. 4, 2011) (Furgeson, J.) (Dkt. No. 201) (Fair Labor Standards Act case brought by transportation workers who alleged they had not received all due overtime wages). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | NORTHERN DISTRICT OF TEXAS | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $535.68 | $450.00 | 10 | 11/06/02 | Joseph Gillespie  | 08/24/12 | *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2012 WL 3638681, at *5 (N.D. Tex. Aug. 24, 2012) (Kinkeade, J.) *rev'd on other grounds by* 732 F.3d 492 (5th Cir. 2013) (Fair Labor Standards Act case brought by paralegal against law firm for failure to pay overtime wages). |
| $534.61 | $495.00 | 10 | 12/22/05 | Robert McKnight  | 02/03/16 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-2265-M, 2015 WL 9997211, at *4 (N.D. Tex. Dec. 28, 2015) (Horan, M.J.) *report and recommendation adopted by* 2016 WL 407357, at *1 (N.D. Tex. Feb. 3, 2016) (Lynn, J.) (Title VII retaliation case). |
| $626.88 | $500.00 | 9 | 11/02/01 | Brian Lauten  | 07/27/10 | *Nassar v. Univ. of Texas Southwestern Med. Ctr.*, No. 3:08-CV-1337-B, 2010 WL 3000877, at *5 (N.D. Tex. July 27, 2010) (Boyle, J.) *rev'd on other grounds by* 570 U.S. 338 (2013) (Title VII action brought by physician of middle eastern descent against state university employer on grounds of racial and religious harassment and retaliation for lodging complaint regarding said harassment). |

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $434.44 | $375.00 | 8 | 11/04/05 | James Sanford  | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O, 2013 WL 6838302, at *9 (N.D. Tex. Dec. 27, 2013) (O'Connor, J.) (Age Discrimination in Employment Act case brought by employee against employer Raytheon due to termination alleged to be the result of employee's advanced age). |
| $334.94 | $300.00 | 8 | 2007 (Minn.) | David Leishman  | 12/23/15 | *McAfee v. Schneider Nat'l Carriers Inc.*, No. 3:14-cv-01500-K (N.D. Tex. Dec. 23, 2015) (Horan, M.J., Kinkeade, J.) (Dkt No. 52) (order entering fees for defendant in connection with motion to compel in race discrimination case). |
| $324.01 | $300.00 | 8 | 11/07/08 | John Herring  | 06/21/16 | *Areizaga v. ADW Corp.*, No. , 2016 WL 3406071, at *6 (N.D. Tex. June 21, 2016) (Horan, M.J., Boyle, J.) (order for defendant entering fees in connection with motion to compel in Fair Labor Standards Act case for minimum wages). |

\*      Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $446.40 | $375.00 | 7 | 11/04/05 | James Sanford  | 08/24/12 | *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2012 WL 3638681, at *5 (N.D. Tex. Aug. 24, 2012) (Kinkeade, J.) *rev'd on other grounds by* 732 F.3d 492 (5th Cir. 2013) (Fair Labor Standards Act case brought by paralegal against law firm for failure to pay overtime wages). |
| $341.76 | $295.00 | 6 | 11/03/06 | Meredith Mathews  | 02/28/13 | *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B (N.D. Tex. Feb. 28, 2013) (Boyle, J.) (Dkt. No. 26) (adopting rates claimed by lawyers in Dkt. No. 24) (Fair Labor Standards Act case brought by employees for employers failure to pay overtime premium wages for hours worked over 40 in a workweek). |
| $286.79 | $275.00 | 6 | 11/05/10 | Shreedhar Patel  | 03/08/17 | *Pereyra v. Navika Capital Grp. LLC*, No. 4:15-CV-00615-O (N.D. Tex. Mar. 8, 2017) (O'Connor, J.) (Dkt. No. 83) (Fair Labor Standards Act case). |

*        Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | NORTHERN DISTRICT OF TEXAS | | |
|---|---|---|---|---|---|---|
| **Adjusted\* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $286.79 | $275.00 | 6 | 05/06/11 | Tyrone Haynes  | 03/08/17 | *Pereyra v. Navika Capital Grp. LLC*, No. 4:15-CV-00615-O (N.D. Tex. Mar. 8, 2017) (O'Connor, J.) (Dkt. No. 83) (Fair Labor Standards Act case). |
| $416.00 | $372.60 | 5 | 11/05/10 | Arrissa Meyer  | 06/18/15 | *Garofalo v. Taco Bueno, LP*, 3:14-CV-2616-M-BH (N.D. Tex. June 18, 2015) (Ramirez, M.J.) (Dkt No. 49) (order entering fees for defendant in connection with motion to compel in Title VII and ADA case brought by employee alleging damages for employer's discrimination on basis of race, disability, and religion and for retaliation). |
| $318.61 | $295.00 | 5 | 05/04/12 | Melinda Arbuckle  | 12/08/16 | *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2016 WL 7178967, at \*16 (N.D. Tex. Dec. 8, 2016) (Boyle, J.) (Fair Labor Standards Act and § 1981 discrimination case brought by employees of Jack in the Box franchisee for failure to pay overtime and discrimination on the basis of hispanic race or ancestry/Hispanic ethnic characteristics). |

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted\* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $396.98 | $350.00 | 4 | 05/02/10 | Todd Goldberg  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-cv-1332-P, 2014 WL 11291660, at \*2 (N.D. Tex. Apr. 9, 2014) (Solis J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $396.98 | $350.00 | 4 | 11/06/09 | Corinna Chandler  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-cv-1332-P, 2014 WL 11291660, at \*2 (N.D. Tex. Apr. 9, 2014) (Solis J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $318.61 | $295.00 | 4 | 11/02/12 | Megan Dixon  | 06/14/16 | *Calahan v. BMJ Food Corp.*, No. 4:15-cv-251-O (N.D. Tex. June 14, 2016) (O'Connor, J.) (Dkt. No. 29) (Title VII and § 1981 case). |

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| NORTHERN DISTRICT OF TEXAS | | | | | | |
|---|---|---|---|---|---|---|
| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
| $270.01 | $250.00 | 4 | 11/04/11 | Michael Parsons | 03/30/16 | *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (Lindsay, J.) (Fair Labor Standards Act case brought by employees for unpaid overtime compensation). |
| $270.01 | $250.00 | 4 | 11/04/11 | David Norris | 02/03/16 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-2265-M, 2015 WL 9997211, at *3 (N.D. Tex. Dec. 28, 2015) (Horan, M.J.) *report and recommendation adopted by* 2016 WL 407357, at *1 (N.D. Tex. Feb. 3, 2016) (Lynn, J.) (Title VII retaliation case). |
| $297.01 | $275.00 | 3 | 11/01/13 | Jordan Campbell | 06/21/16 | *Areizaga v. ADW Corp.*, No. , 2016 WL 3406071, at *6 (N.D. Tex. June 21, 2016) (Horan, M.J., Boyle, J.) (order for defendant entering fees in connection with motion to compel in Fair Labor Standards Act case for minimum wages). |

\*    Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

App. p. 84

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| | | | | | | |
|---|---|---|---|---|---|---|
| **NORTHERN DISTRICT OF TEXAS** | | | | | | |
| **Adjusted\* Hourly Rate** | **Approved Rate** | **Years of Experience at Time of Ruling** | **License Date** | **Attorney** | **Date of Ruling** | **Case and Judge** |
| $270.01 | $250.00 | 3 | 11/02/12 | Michael Cowles  | 01/26/16 | *Farasat v. RP Managing Partners, LLC*, No. 3:13-cv-99279-l, 2016 WL 304871, at \*6 (N.D. Tex. Jan. 26, 2016) (Fair Labor Standards Act case brought by tipped employees alleging unlawful retention of tips and retaliation). |
| $279.12 | $250.00 | 2 | 11/01/13 | Benjamin Michael  | 11/23/15 | *Henderson v. Fenwick Protective, Inc.*, No. 3:14-cv-505-M-BN, 2015 WL 9582755, at \* (N.D. Tex. Nov. 23, 2015) (Horan, M.J.) *report and recommendation adopted by* 2015 WL 9582147, at \*1 (N.D. Tex. Dec. 28, 2015). |
| $279.12 | $250.00 | 2 | 11/01/13 | Jacob Lewis  | 12/23/15 | *McAfee v. Schneider Nat'l Carriers Inc.*, No. 3:14-cv-01500-K (N.D. Tex. Dec. 23, 2015) (Horan, M.J., Kinkeade, J.) (Dkt No. 52) (order entering fees for defendant in connection with motion to compel in race discrimination case) |

\*    Adjusted for inflation from the year of the court's ruling to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics. *See* https://www.officialdata.org/Legal-services/price-inflation (date of last access: May 1, 2019).

App. p. 85

**APPROVED RATES FOR LEGAL SERVICES IN EMPLOYMENT CASES**

| Adjusted* Hourly Rate | Approved Rate | Years of Experience at Time of Ruling | License Date | Attorney | Date of Ruling | Case and Judge |
|---|---|---|---|---|---|---|
| | | | | **NORTHERN DISTRICT OF TEXAS** | | |
| $260.72 | $250.00 | 2 | 04/30/15 | Philip Segura  | 03/08/17 | *Pereyra v. Navika Capital Grp. LLC*, No. 4:15-CV-00615-O (N.D. Tex. Mar. 8, 2017) (O'Connor, J.) (Dkt. No. 83) (Fair Labor Standards Act case). |
| $270.01 | $250.00 | 1 | 11/06/15 | Barrett Robin  | 06/21/16 | *Areizaga v. ADW Corp.*, No. , 2016 WL 3406071, at *6 (N.D. Tex. June 21, 2016) (Horan, M.J., Boyle, J.) (order for defendant entering fees in connection with motion to compel in Fair Labor Standards Act case for minimum wages). |
| $260.72 | $250.00 | 1 | 12/10/15 | Matt Amos  | 03/08/17 | *Pereyra v. Navika Capital Grp. LLC*, No. 4:15-CV-00615-O (N.D. Tex. Mar. 8, 2017) (O'Connor, J.) (Dkt. No. 83) (Fair Labor Standards Act case). |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JONTAVIA CALAHAN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-251-O |
| | § | |
| BMJ FOOD CORPORATION d/b/a | § | |
| CHURCH'S CHICKEN, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

The Court previously granted Plaintiff's Motion for Summary Judgment (ECF No. 23) and then held a hearing on Plaintiff's damages on May 23, 2016. *See* ECF No. 27. At the hearing Plaintiff offered testimony and evidence as to her damages as a result of her claims for discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Plaintiff moved for back pay, front pay, mental anguish, punitive damages, and attorney's fees. ECF No. 28.[1] Defendant did not appear. Having reviewed the motion, the Court finds as follows.

## I.       BACKGROUND

This factual recitation is taken from Plaintiff's ("Calahan") Original Complaint. *See generally* Compl., ECF No. 1. Defendant ("BMJ") formerly employed Calahan as a cashier at a Church's Chicken franchise. *Id.* ¶ 5. "Plaintiff is a non-Caucasian American female, having skin color and physical features that would place her in the commonly referred to classification of

---

[1] Plaintiff's attorney introduced Ex. 1 into evidence at the hearing on damages. *See* Pl.'s App. Supp. Mot. Att'y Fees, Ex. 1 ("Legal Services Invoice"), ECF No. 28.

App. p. 87

attorney Robert G. Lee—are "reasonably expended," and no there is no presence of "excessive, redundant, unnecessary hours, [or] hours that lack proper documentation." *See Hensley*, 461 U.S. at 434; Hr'g, Ex. 1, ECF No. 28. The Court also finds that no time should be reduced for block billing. *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.); *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004) (Lindsay, J.).

### 2. Reasonable Hourly Rates

Next, the Court will analyze the reasonableness of the hourly rates Plaintiff claimed. The reasonable hourly rate is determined by the prevailing community standards for attorneys of similar experience in similar cases. *See McClain*, 649 F.3d at 381; *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Plaintiff's attorney suggests that associate Megan Leigh Dixon rate of $295 dollars an hour and Robert G. Lee's rate at $495 an hour are reasonable hourly rates. Legal Services Invoice 1, ECF No. 28. Lee maintains that his eight years of experience and Dixon's four years of experience warrant this price. *Id.* The Court finds that Plaintiff's rates are reasonable given the community standards and Dixon and Lee's experience. *McClain*, 649 F.3d at 381; *Watkins*, 7 F.3d at 459; *Tollett*, 285 F.3d at 368. The Court finds no reason to adjust the award based on the *Johnson* factors. *See Jimenez*, 621 F.3d at 380. Accordingly, based on the inputs provided above, Plaintiff's attorney is entitled to the following:

| Attorney | Hours | Adjusted Hourly Rate | Adjusted Total |
|----------|-------|----------------------|----------------|
|          |       |                      |                |

12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JUANITA J. GAROFALO,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 3:14-CV-2616-M-BH** |
| | § | |
| **TACO BUENO, LP,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

## <u>ORDER</u>

Pursuant to the Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court for determination is *Defendant's Application for Reasonable Expenses and Attorneys' Fees Relating to Its Motion to Compel*, filed March 5, 2015 (doc. 34). Based on the relevant filings, evidence and applicable law, the application is **GRANTED** in part.

## I. BACKGROUND

On July 21, 2014, Juanita J. Garofalo (Plaintiff) filed suit against her previous employer, Taco Bueno, L.P. (Defendant). She asserts that Defendant failed to accommodate her physical disabilities in violation of the Americans with Disabilities Act (ADA), it discriminated against her on the basis of race, disability, and religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), and it retaliated against her in violation of Title VII and the ADA.

On January 29, 2015, Defendant moved to compel Plaintiff to provide answers to its discovery requests. It contended she had failed to respond to discovery requests served on November 13, 2014, and that she had failed to respond to several communications concerning the discovery. By order dated January 30, 2015, a hearing concerning the motion was scheduled, and the parties were ordered to confirm their attendance two days before the hearing. Plaintiff failed to confirm her attendance or to appear at the hearing on February 19, 2015. On that date, the Court found that Plaintiff failed to respond to Defendant's discovery requests, granted the motion to compel, and ordered Plaintiff to

for Ms. Arrissa Meyer that relates to the making of the motion to compel is the entry for 3.2 hours dated January 9, 2015.  (*See* doc. 34 at 7, 12.)  The entry for Ms. Denney for .4 hours on December 22, 2014 does not appear to relate to the making of the motion, so it is disallowed.  The remainder of the 4.0 hours claimed for Ms. Denney are allowed.  (*See id*. at 7.) The remainder of the fees for the motion to compel are disallowed. *Simmons v. Tarrant County 9-1-1 Dist.*, No. 3:13-CV-1389-M, 2014 WL 2587516, *4 (N.D. Tex. June 10, 2014) ("Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion—that is, the "reasonable expenses incurred in making the motion, including attorney's fees."), citing Fed. R. Civ. P. 37(a)(5)(A).

Neither the affidavit nor the billing records reflect any reduction for good billing judgment, i.e., the usual practice of law firms in writing off unproductive, excessive, or redundant hours. *See Walker v. U.S. Dept. of Housing and Urban Development.* 99 F.3d 761, 769 (5th Cir. 1996) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off") *vacated in part on other grounds* 903 F.2d 352 (5th Cir. 1990)); *Scribner v. Waffle House, Inc.*, 1997 WL 446453, at *2 (N.D. Tex. July 28, 1997) ("Because there is no record that the Plaintiff exercised billing judgment, Plaintiffs are ordered to resubmit its hourly billing report to include evidence that they in fact exercised billing judgment.").  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker,* 99 F.3d at 770.  A reduction is warranted on this basis.

**B.    *Hourly Rates***

The billing records and Denney affidavit reflect hourly rates of $508.50 for Ms. Denney and $414.00 for Ms. Meyer.  The affidavit opines that these rates are reasonable and necessary and

==consistent those customarily charged in the area for same or similar services.==

The "relevant market" for purposes of determining the prevailing hourly rate is the community in which the district court sits, and the reasonableness of the requested rate is generally established through affidavits of other attorneys in that community. *Tollett,* 285 F.3d at 368 (quoting *Scham v. District Courts Trying Crim. Cases,* 148 F.3d 554, 558 (5th Cir.1998) and (citing *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993)). As in *Tollett*, the defendant did not offer such affidavits and instead relies upon its attorney affidavit for the reasonableness of the requested rates. As in *Tollett,* the plaintiff did not contest the reasonableness of the rates, so the Denney affidavit is sufficient to establish the reasonableness on those rates. *See id.* at 369 (citing *Baulch v. Johns,* 70 F.3d 813, 818 n. 8 (5th Cir.1995) (approving requested hourly rate where such rate ($250–$330 per hour) was not questioned by the opposing party or subjected to adversarial testing, but declining to opine "on whether the rate claimed would be reasonable in other cases in the Dallas area"). Because the affidavit does not reflect the qualifications or years of experience of the attorneys, however, the Court finds that a reduction is warranted.

**C.**    *Calculation of Lodestar*

The defendant should be compensated for time reasonably expended on the motion as follows:

| | | |
|---|---|---|
| **Denney** | **4.00 hours x $508.50** | $ 2034.00 |
| **Meyer** | **3.20 hours x $414.00** | <u>$ 1324.80</u> |
| | | $ 3358.80 |

==The total amount of fees to be awarded is $ 3358.80. Because of the failure to show billing judgment or provide any information regarding the qualifications of the attorneys who provided the services for which Defendant seeks to recover, the total fees are reduced by approximately 10% to $3,000.00.==

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MCAFEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1500-P |
| | § | |
| SCHNEIDER NATIONAL CARRIERS, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES ON MOTION TO COMPEL[1]

### Background

Defendant Schneider National, Inc. filed a Motion to Compel Overdue Discovery. *See* Dkt. No. 29. Chief Judge Jorge A. Solis referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 30. Plaintiff Paul McAfee did not respond to the motion. Defendant filed a reply, *see* Dkt. No. 35, and the Court heard oral argument on September 1, 2015, but Plaintiff failed to appear, *see* Dkt. No. 36.

On September 1, 2015, the Court entered an order granting in part and denying n part Defendant's Motion to Compel Overdue Discovery [Dkt. No. 29]. *See* Dkt. No. 7. In that order, the Court noted that Federal Rule of Civil Procedure 37(a)(5)(A)

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Court is an expert on the reasonableness of attorneys' fees).

The Court finds Mr. Milianti's $437.00 hourly rate to be within the proper range for the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. But another judge of this Court recently explained that "the normal and customary rate for a four-five year attorney in the Dallas legal market ... is $225-275 per hour." *Parks v. Commercial Recovery Sys., Inc.*, No. 3:12-cv-2742-L, 2014 WL 521501, at *1 (N.D. Tex. Feb. 7, 2014). And, almost two years ago, the Court awarded fees to a lawyer with comparable experience to that of Mr. Leishman at a rate of $295 per hour. *See Farasat v. RP Managing Partners*, No. 3:13-cv-270-L-BN, Dkt. No. 46 (N.D. Tex. Feb. 20, 2014). The Court believes that these represent the correct ranges for lawyer with Mr. Leishman's and Mr. Lewis's experience levels in the Dallas market and that $300.00 per hour is the appropriate rate at which to reimburse Mr. Leishman's time and $250.00 per hour is the appropriate rate at which to reimburse Mr. Lewis's time, as the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

The undersigned therefore calculates the lodestar as .9 hours of work by Mr. Milianti at a $437.00 hourly billing rate ($393.30), 4.5 hours of work by Mr. Leishman at a $300.00 hourly billing rate ($1,350.00), and 1.8 hours of work by Mr. Lewis at a $250.00 hourly billing rate ($450.00) and finds that this lodestar of $2,193.30 reflects the appropriate number of hours worked in connection with the motion to compel and the attorneys' reasonable hourly rates and that this lodestar amount is supported by

App. p. 93

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON OWENS and MICAH PACK, individually and on behalf of all similarly situated, | § § § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | Civil Action No. 3:11-cv-1435 - B |
| v. | § | |
| | § | |
| MARSTEK, LLC; SKCMK, LLC and STEVEN KAHN, individually, | § § | Jury Demanded |
| | § | |
| **Defendants.** | § | |

## MOTION FOR DAMAGES AND ATTORNEYS' FEES AND COSTS

Plaintiffs Shannon Owens and Micah Pack (collectively, "Plaintiffs") sued Defendants Marstek, LLC; SKCMK, LLC and Steven Kahn (collectively, "Defendants") for failing to pay them wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* As described in this Motion, the FLSA mandates an award of reasonable attorneys' fees to a prevailing plaintiff. The Court has granted Plaintiffs' Motion for Summary Judgment, finding Defendants liable for violation of the FLSA. (See Dkt. No. 23). The Court has requested that Plaintiffs provide additional briefing on damages and attorneys' fees and costs. Plaintiffs submit the following brief in support of their request for damages and attorneys' fees and costs.

### A. PLAINTIFFS ARE OWED DAMAGES IN THE AMOUNT OF THEIR UNPAID BACK WAGES AND AN EQUAL AMOUNT IN LIQUIDATED DAMAGES.

The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee

App. p. 94

Records, Ex. 4, App. pp. 7 - 11). These records document the time and labor actually expended in this case. (Mathews Decl. at ¶ 6, Ex. 3, App. pp. 4 - 5). As these records reflect, Plaintiffs' counsel has exercised billing judgment. (*Id.*) The time records also omit hours that may have been unproductive, redundant, or excessive. (*Id.*)

Plaintiffs' counsel dedicated a total of 113.5 hours to this action. (*See* Mathews Decl. at ¶ 9, Ex. 3, App. p. 5). Plaintiffs respectfully submit that these records, and the Court's experience, provide a reasonable basis for the Court to ascertain the nature and extent of the services provided.

### *Customary Fee and Experience, Reputation and Ability of Counsel*

In addition, Ms. Mathews' declaration details the normal and customary rates charged by Plaintiffs' attorney. (*See* Mathews Decl. at ¶ 7, Ex. 3, App. p. 5). Plaintiffs request a reasonable hourly rate of $295 per hour for Ms. Mathews' time, $495 per hour for Derek Braziel's time and $190 for the senior paralegal's time. (*Id.*). Ms. Mathews has been licensed to practice law since 2006. Ms. Mathews exclusively practices employment law with an emphasis on compensation disputes such as overtime pay. (*Id.* at ¶¶ 2 - 4, Ex. 3, App. pp. 3 - 4).

Ms. Mathews received her undergraduate degree from the Baylor University. (*See* Mathews Decl. at ¶ 2, Ex. 3, App. p. 3). She graduated from Baylor University School of Law. While in law school Ms. Mathews was a member of National Championship Mock Trial team at the American Trial Lawyer Association Mock Trial competition. (*Id.*) Ms. Mathews was also a member of other various competitive mock trial and moot court teams while in law school. (*Id.*)

Lee & Braziel, LLP is a litigation boutique that represents employees in employment-related disputes. The hourly rate requested in this petition is consistent with the rates that Lee & Braziel charges to many clients who are billed on an hourly basis and, thus, is well within the

App. p. 95

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON OWENS and MICAH PACK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1435-B |
| | § | |
| MARSTEK, LLC, SKCMK, LLC, and | § | |
| STEVEN KAHN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is a Motion for Attorney's Fees and Damages (doc. 24), filed on February 1, 2013 by Plaintiffs Shannon Owens and Micah Pack. Pursuant to the Court's January 2, 2013 Memorandum Opinion & Order (doc. 23) granting summary judgment in favor of Plaintiffs, Plaintiffs request back wages and an equal amount of liquidated damages as wells as costs and fees. Defendants Marstek, LLC, SKCMK, LLC, and Steven Kahn filed a one-sentence response to the Motion, referring the Court to Defendants' summary judgment response briefing, which merely stated that Plaintiffs should receive nothing in damages or fees because the matter was "frivolous." Doc. 20, Resp. at 3.

Plaintiffs' Motion for Attorney's Fees and Damages sets forth that Owens is owed $2,006.55 in unpaid overtime wages, and Pack is owed $5,653.64 in unpaid overtime wages. Doc. 24, Mot. at 2. The Court's prior Memorandum Opinion and Order could not determine the amount of unpaid overtime wages because, at that time, it was unclear whether Plaintiffs had received some of their unpaid overtime wages through "extra money" in their paychecks following the Department of Labor

- 1 -

App. p. 96

or in good faith in failing to pay Plaintiffs their overtime wages.

Finally, Plaintiffs request attorney's fees and costs, which is a mandatory award to a prevailing plaintiff. Doc. 24, Mot. at 3-11. In an FLSA action, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. ¶ 216(b). The Fifth Circuit uses the "lodestar" method of calculating attorney's fees, which is achieved by "multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Heidtman*, 171 F.3d at 1043. "There exists a strong presumption of the reasonableness of the lodestar amount." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). However, "[a]fter calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Id.* These factors include: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at n.18 (citing *Johnson*, 488 F.2d at 717-19).

Plaintiffs have submitted their time records for this action as evidence of the attorney's fees and costs expended. They calculated a total of 113.5 hours spent, which was reduced to omit hours that were unproductive, redundant, or excessive. Doc. 24, Mot. at 7. Plaintiffs explain the hourly

- 3 -

rates for the attorneys assigned to this case and outline their academic and professional achievements and qualifications. *Id.* They further explain that their hourly rates are reasonable and consistent with the rates charged by other attorneys in the Dallas area practicing FLSA law on a contingency fee basis. *Id.* at 7. In total, Plaintiffs request $30,050.85 in attorney's fees and $2,358.20 in costs. *Id.* at 10-11. Plaintiffs aver that this lodestar amount need not be increased or decreased due to the reasonableness of the fees, but Plaintiffs analyze and apply the *Johnson* factors, in any event. They submit as evidence of their reasonable attorney's fees a declaration from Plaintiffs' counsel Meredith Mathews and counsel's time records. Doc. 24-1 App. at 3-6 (Mathews Aff.), 7-11 (Time Records).

Considering the lodestar amount, *Johnson* factors, and the evidence submitted by Plaintiffs in support of their Motion, and finding that Defendants do not dispute any of Plaintiffs' allegations with respect to the same, the Court concludes that an award of attorney's fees in the amount of $30,050.85 and costs in the amount of $2,358.20 is warranted and reasonable.

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Attorneys Fees and Damages (doc. 24). Defendants shall pay Plaintiff Shannon (Owens) Ferrell back wages in the amount of $ 2,006.55 and an equal amount in liquidated damages. Defendants shall also pay Plaintiff Micah Pack back wages in the amount of $5,653.64 and an equal amount in liquidated damages. Furthermore, Defendants shall pay Plaintiffs $30,050.85 in attorney's fees and $2,358.20 in costs in litigating this action.

**SO ORDERED.**

**SIGNED: February 28, 2013.**

App. p. 98

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **NICOLAS PEREYRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:15-CV-00615-O** |
| | § | |
| **NAVIKA CAPITAL GROUP LLC et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Before the Court are Plaintiff's Motion and Application for Attorney's Fees (ECF No. 68); Defendants' Memorandum in Opposition to Plaintiff's Motion and Application for Attorney's Fees (ECF No. 74); Plaintiff's Reply in Support of Application for Attorney's Fees (ECF No. 75); Defendants' Motion for Review of Plaintiff's Bill of Costs (ECF No. 73); Plaintiff's Response to Defendants' Motion for Review of Plaintiff's Bill of Costs (ECF No. 76); Defendants' Reply in Further Support of Motion for Review of Plaintiff's Bill of Costs (ECF No. 80); Defendants' Motion to Take Judicial Notice (ECF No. 77); Plaintiff's Response in Opposition of Motion to Take Judicial Notice (ECF No. 79); and Defendants' Reply in Further Support of Defendants' Motion to Take Judicial Notice (ECF No. 81).

Having considered the motions, the Court finds that Plaintiff should be awarded $35,934.43 in attorney's fees and $915.57 in costs.

## I. BACKGROUND

Plaintiff Nicolas Pereyra's application for attorney's fees arises out of an action under the Fair Labor Standards Act ("FLSA"). On June 16, 2016, the Court approved a joint settlement between Pereyra and Defendants Navika Capital Group LLC, Sapphire Hospitality Inc., and

- 1 -

App. p. 99

hours that benefited him from those that did not. "The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The Court does not believe that Pereyra has met his burden as it relates to hours incurred during the Wilson Case. Accordingly, the Court finds that these hours are not reasonable and declines to award any fees incurred during the Wilson Case.

### B. Fees from the Western District and this Case

#### 1. *Hourly Rates*

In connection with their work performed in the Western District case and this instant case Pereyra seeks hourly rates of $470.00 for partner Howard Steele; $275.00 for associates Shreedhar Patel and Tyrone Haynes; $250.00 for associates Philip Segura and Matt Amos; and $125.00 for paralegals and legal assistants. The Court finds that these rates are reasonable. As evidence, Pereyra submits the affidavits of Howard Steele, who worked on this matter, and local attorney Derek Braziel. Pereyra also points to case law. Indeed, the case law provided by Navika says that hourly rates of $250 and $275 are reasonable for Dallas area associates, s*ee Hernandez v. Aleman Constr., Inc.*, 2013 U.S. Dist. LEXIS 157257 (N.D. Tex. Nov. 1, 2013); and $125 for paralegals is reasonable. *See Spear Mktg. v. BancorpSouth Bank*, 2016 U.S. Dist. LEXIS 5078 (N.D. Tex. 14, 2016). And although Navika does not appear to specifically object to the rate for Mr. Steele, the Court finds that $470 per hour is reasonable. *See, e.g.*, *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 797–98 (S.D. Tex. 2009) (finding $510 per hour was reasonable for a partner). Thus, the Court concludes that the hourly rates performed in connection with the Western District Case and this case are reasonable.

#### 2. *Hours Expended*

- 4 -



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 4 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy 5:04 p.m.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT L. SPENCE et al,           §
    Plaintiffs,               §   Case no. 3:10-cv-142-F
                              §
v.                                §
                              §
IRVING HOLDINGS, INC.,            §
    Defendant.                §

## ORDER GRANTING JOINT MOTION FOR
## APPROVAL OF SETTLEMENT AND DISMISSAL

BEFORE THE COURT is a Joint Motion for Approval of Settlement and Dismissal,

filed by the parties to this action on July 25, 2011 (Docket No. 196). In their Joint Motion,

the parties ask the Court to approve of a settlement reached by the parties as fair and

reasonable and validate the settlement as required by the Fair Labor Standards Act ("FLSA").

Plaintiffs submitted supplemental briefing on the issue on August 1, 2011 (Docket No. 200).

After considering the Joint Motion, the brief of the parties, the settlement agreement attached

to the Joint Motion, and Plaintiff's supplemental briefing and the accompanying declarations

of Joel Fineberg and Martin Weber, the Court is of the opinion that the settlement is fair and

reasonable and that the Joint Motion should be GRANTED.[1]

In a case arising under the FLSA, "the Court must scrutinize the settlement for

fairness before issuing its approval." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No.

---

[1]This resolves Docket No. 196.

App. p. 101

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998).

Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including 500 hours at a $650/hour rate by Joel Fineberg; 750 hours at a $600/hour rate by Stuart Cochran; 1000 hours by Christine Davis, a paralegal, at a $175/hour rate; 457.6 hours at a $400/hour rate by Martin Weber; 284.1 hours at a $500/hour rate by Richard Norman. This amounts to 1,991.7 hours by attorneys and 1,000 hours by a paralegal. The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work. *See Roussel v. Brinker Int'l, Inc.*, No. H-05-3373, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010) (Ellison, J.). Based on the filings in this case and the Court's knowledge of the amount of time expended upon this litigation, the Court finds the stated hours to reasonably reflect the reasonable number of hours spent on this case.

According to the filings by Plaintiffs, the lodestar amount in this case, based on conservative estimates, would amount to $1,275,090, which, counting only attorneys' hours, would mean that the reasonable hourly rate promoted by Plaintiffs would be $640.20. This

# EXHIBIT 2-1

# Debra Gray

| | |
|---|---|
| **From:** | Stephanie Perkins |
| **Sent:** | Wednesday, March 25, 2015 9:15 AM |
| **To:** | Stephanie Perkins |
| **Subject:** | FW: Pay.gov Payment Confirmation: TXWD CM ECF |

Latshaw Drilling
No. 15 12408 1

-----Original Message-----
From: paygovadmin@mail.doc.twai.gov [mailto:paygovadmin@mail.doc.twai.gov]
Sent: Monday, March 09, 2015 3:35 PM
To: Stephanie Perkins
Subject: Pay.gov Payment Confirmation: TXWD CM ECF

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact James Thompson at 210-473-4955, X2817.

Application Name: TXWD CM ECF
Pay.gov Tracking ID: 25K7ACQ1
Agency Tracking ID: 0542-7265118
Transaction Type: Sale
Transaction Date: Mar 9, 2015 4:34:43 PM

Account Holder Name: Allen Vaught
Transaction Amount: $400.00
Billing Address: 3102 Oak Lawn Ave - Ste 1100 Billing Address 2: Suite 1100
City: Dallas
State/Province: TX
Zip/Postal Code: 75219
Country: USA
Card Type: AmericanExpress
Card Number: '

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.

1

# EXHIBIT 2-2



214.747.1952

Elite Video Productions, Inc.
3018 Commerce Street
Dallas, TX 75226
www.EliteVideoProductions.com

# Invoice

**Bill To:**

Michael Ellis
Baron & Budd, PC
3102 Oak Lawn Avenue, Ste. 1100
Dallas, TX 75219

| Invoice # | Invoice Date |
|---|---|
| 34539 | 8/21/2017 |

| Terms | Due Date |
|---|---|
| Due Upon Receipt | 8/21/2017 |

| EVP Job No. |
|---|
| 112670 |

| Court Reporter | Tech | State Taken | Cause No. | P.O. No. |
|---|---|---|---|---|
| Styrker/Karisa Aebi | OF | OK | 3:15-cv-01173-N | Meadows vs. Latshaw Drilling |

| Item | Description | Hrs/Qty | Rate | Amount |
|---|---|---|---|---|
| OOS First Hour | First hour setup and strike | | 275.00 | 275.00 |
| Videotaped | The videotaped deposition of Trent Latshaw in Tulsa, OK on 8-24-17 | 4 | 115.00 | 460.00 |
| | Set Up: 10:00 a.m. | | | |
| | Scheduled: 10:30 a.m. | | | |
| | On Record: 10:35 a.m. | | | |
| | Off Record: 2:40 p.m. | | | |
| Mpeg | Mpeg files of the deposition of Trent Latshaw | 3.5 | 0.00 | 0.00 |
| | 3.5 hours billed @ $95.00 per hour | | | |
| | **Preferred Customer - No Charge** | | | |
| Administration | Archive/Administration Fee/Processing/Handling | | 65.00 | 65.00 |
| UPS | UPS Shipped on 8-31-17 | | 25.00 | 25.00 |
| | Tracking # 1Z89A92A0399242549 | | | |

Re: Johnny L. Meadows vs. Latshaw Drilling Company, LLC.

Y36074

1150-6

np

| | |
|---|---|
| **Total** | $825.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $825.00 |

"If a picture is worth a thousand words,
a video is worth a million."™
Elite Video Productions, Inc. has been serving the legal community since 1989.

Elite Video Productions, Inc. is NOT AFFILIATED with any other "Elite" companies.

App. p. 106

10

# EXHIBIT 2-3

**Stryker Reporting**                                                    **Invoice**

Prompt and Precise Litigation Support

1452 Hughes Road
Suite 200
Grapevine TX 76051
Phone: (817) 494-0700          Fax: (817) 494-0778

| Invoice Date | Invoice # |
|---|---|
| Thursday, September 7, 2017 | 2545A |

Michael V. Ellis
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

*Y- 39681*
*1150- 8 6 TNP*
*15 124081*

Phone:                    Fax:

| | |
|---|---|
| **Witness:** | Trent Latshaw |
| **Case:** | Meadows vs. Latshaw Drilling |
| **Venue:** | In the United States District Court |
| **Case #:** | 3:15-cv-01173-N |
| **Date:** | 8/24/2017 |
| **Start Time:** | 10:30 AM |
| **End Time:** | : 0 |
| **Reporter:** | Court Reporter |
| **Claim #:** | |
| **File #:** | 17606A |

| | |
|---|---|
| **Sub Total** | $995.45 |
| **Payments** | $0.00 |
| **Balance Due** | $995.45 |

**Please reference the invoice number on your check.**

*36*

# EXHIBIT 2-4



**214.747.1952**

# Invoice

Elite Video Productions, Inc.
3018 Commerce Street
Dallas, TX 75226
www.EliteVideoProductions.com

Bill To:

Michael Ellis
Baron & Budd, PC
3102 Oak Lawn Avenue, Ste. 1100
Dallas, TX 75219

| Invoice # | Invoice Date |
|-----------|--------------|
| 34566 | 7/13/2017 |

| Terms | Due Date |
|-------|----------|
| Due Upon Receipt | 7/13/2017 |

| EVP Job No. |
|-------------|
| 2474 |

| Court Reporter | Tech | State Taken | Cause No. | P.O. No. |
|----------------|------|-------------|-----------|----------|
| Stryker/Lisa Durham | GP | TX | 3:15-cv-01173-N | Meadows vs. Latshaw Drilling |

| Item | Description | Hrs/Qty | Rate | Amount |
|------|-------------|---------|------|--------|
| Videotaped | The videotaped deposition of Amanda Reid in Dallas, TX on 9-13-17<br>Set Up: 9:30 a.m.<br>Scheduled: 10:30 a.m.<br>On Record: 10:22 a.m.<br>Off Record: 2:48 p.m. | 5.5 | 115.00 | 632.50 |
| Mpeg | Mpeg files of the deposition of Amanda Reid<br><br>4.5 hours billed @ $95.00 per hour<br>**Preferred Customer - No Charge** | 4.5 | 0.00 | 0.00 |
| Administration | Archive/Administration Fee/Processing/Handling | | 65.00 | 65.00 |
| UPS | UPS Shipped on 9/21/2017<br>Tracking # 1Z 89A 92A 03 9678 7690 | | 25.00 | 25.00 |

Re: Johnny Meadows vs. Latshaw Drilling Company, LLC.

V-36074

15 124081

1150-6 吖

| | |
|---|---|
| **Total** | $722.50 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $722.50 |

"If a picture is worth a thousand words,
a video is worth a million."™
Elite Video Productions, Inc. has been serving the legal community since 1989.

Elite Video Productions, Inc. is NOT AFFILIATED with any other "Elite" companies.

App. p. 110

11

# EXHIBIT 2-5

## Stryker Reporting                                    Invoice

**Prompt and Precise Litigation Support**

1452 Hughes Road
Suite 200
Grapevine TX 76051
Phone: (817) 494-0700        Fax: (817) 494-0778

| Invoice Date | Invoice # |
|---|---|
| Monday, September 25, 2017 | 2609A |

*Y39681*
*1150-6*
*DP*

Allen R. Vaught
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Phone:              Fax:

| Witness: | Amanda Chase Reid |
|---|---|
| **Case:** | Meadows vs. Latshaw Drillling |
| **Venue:** | In the United States District Court |
| **Case #:** | 3:15-cv-01173-N |
| **Date:** | 9/13/2017 |
| **Start Time:** | 10:21 AM |
| **End Time:** | 2:48 PM |
| **Reporter:** | Lisa Durham |
| **Claim #:** | |
| **File #:** | 17659A |

| | |
|---|---|
| **Sub Total** | $1,179.85 |
| **Payments** | $0.00 |
| **Balance Due** | $1,179.85 |

**Please reference the invoice number on your check.**

# EXHIBIT 2-6



**epiq**

**INVOICE**

Phone: **770-390-2700**

Baron & Budd PC
3102 Oak Lawbn Avenue
Dallas, TX  75219-4281

| | |
|---|---|
| **Invoice #:** | M-172815 |
| **Invoice Date:** | 01/31/18 |
| **Our Order #:** | HO-159075-02 |
| **Customer #:** | 112055 |

Attn:  FARSHEED FOZOUNI

**Terms: NET 30 DAY**

**Case No: 3:15-cv-01173-P**

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Copy of Transcript | | | | |
| Johnny L. Meadows, et al. v. Latshaw | | | | |
| Drilling Company | | | | |
| | | | | |
| Job Date: 01/17/18 | | | | |
| Deponent: Brian T. Farrington | | | | |
| Deposition (Technical/Expert) Transcript - Copy-Pg-Expedited 2 days | 161 | PAGE | $5.70 | $917.70 |
| TotalTranscript CD-Ea-STD | 1 | EACH | $20.00 | $20.00 |
| Processing and Delivery Electronic - Transcript-Ea-STD | 1 | EACH | $10.00 | $10.00 |

| | |
|---|---|
| **Subtotal:** | $947.70 |
| **Sales Tax** | $0.00 |
| **Total Invoice USD** | $947.70 |

**Depo Location:**  3102 Oak Lawn Avenue
Suite 1100
Dallas, TX  75219

Thank You. Your Business is appreciated.

V39991

1150-6

15-12408-1

$\mathcal{W}$

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

App. p. 114     12

# EXHIBIT 2-7

Matter No. 15 12408 1

# INVOICE

## Stratos Legal

*Raising the bar.
Nationwide.*

800.971.1127•www.stratoslegal.com

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 202895 | 1/31/2018 | 114854 |
| **Job Date** | **Case No.** | |
| 1/16/2018 | No. 3:15-cv-01174-D | |
| **Case Name** | | |
| Johnny L. Meadows et al. v. Latshaw Drilling Company, LLC | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Michael Ellis
Baron & Budd PC
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

ORIGINAL TRANSCRIPT OF:
   Randall G. O'Neal                    143.00  Pages            750.75
      Exhibit                       81.00  Pages             32.40
        Administrative Fee                      45.00
        E-Transcript  Fee                       35.00

                                          **TOTAL DUE >>>**      **$863.15**

Dallas, Texas.

Thank you. Your business is appreciated. We now take Visa, Master Card & American Express.

V30868
1180-6
MP

---

*Please detach bottom portion and return with payment.*

Michael Ellis
Baron & Budd PC
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX  75219

Job No.    : 114854       BU ID      :MAIN
Case No.   : No. 3:15-cv-01174-D
Case Name : Johnny L. Meadows et al. v. Latshaw Drilling
                Company, LLC
Invoice No. : 202895       Invoice Date :1/31/2018
**Total Due** : **$ 863.15**

**PAYMENT WITH CREDIT CARD**

Cardholder's Name:
Card Number:
Exp. Date:            Phone#:
Billing Address:
Zip:         Card Security Code:
Amount to Charge:
Cardholder's Signature:
Email:

Remit To: **Stratos Legal Services, LP**
         **4295 San Felipe, Suite 125**
         **Houston, TX  77027**

App. p. 116
35

# EXHIBIT 2-8

App. p. 117

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

*Invoice*

*October 4, 2016*

**TO:**   Mr. Farsheed Fozouni
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

**RE:**   Copy of Deposition of: TITO GAUCIN
September 29, 2016
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-N
Northern District Texas Dallas Division

**BALANCE DUE:** $100.00   ✗   Make payable to  LARRY J. WARWICK

**TERMS:** Due upon receipt.

*Thank you.*

# EXHIBIT 2-9

App. p. 119

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664
Tulsa, Oklahoma  74153-0664
☎ 918-527-3777

### Invoice

November 22, 2016

TO:   Mr. Farsheed Fozouni
      Baron & Budd, P.C.
      3102 Oak Lawn Avenue, Suite 1100
      Dallas, Texas   75219

RE:   Copy of Deposition of: JARRETT OSBURN
      November 14, 2016
      JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
      Case No. 3:15-CV-01173-N
      Northern District Texas Dallas Division

BALANCE DUE:  $101.00   X   Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

Y39687

1150-6

NP

*Thank you.*

# EXHIBIT 2-10

App. p. 121

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma  74153-0664

☎ 918-527-3777

*Invoice*

November 23, 2016

TO:    Mr. Farsheed Fozouni
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas    75219

RE:    Copy of Deposition of: RICKY LOOMIS
       November 16, 2016
       JOHNNY L. MEADOWS, et al. -vs- LATSHAW DRILLING CO.
       Case No. 3:15-CV-01173-N
       Northern District Texas Dallas Division

**BALANCE DUE:** $129.00   X    Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank you.*

V39687

1150-6

DP

# EXHIBIT 2-11

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma  74153~0664

☎ 918~527~3777

I n v o i c e

*November 23, 2016*

TO:     Mr. Farsheed Fozouni
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas    75219

RE:     *Copy of Deposition of: CHANCE ABEYTA*
        *November 15, 2016*
        *JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.*
        *Case No. 3:15-CV-01173-N*
        *Northern District Texas Dallas Division*

**BALANCE DUE:** $108.00  X   *Make payable to  LARRY J. WARWICK*

TERMS:  Due upon receipt.

V39687

1150 ↓

DP

*Thank  you.*

# EXHIBIT 2-12

App. p. 125

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma  74153-0664

☎ 918-527-3777

*I n v o i c e*

*November 23, 2016*

TO:  Mr. Farsheed Fozouni
     Baron & Budd, P.C.
     3102 Oak Lawn Avenue, Suite 1100
     Dallas, Texas    75219

RE:  *Copy of Deposition of: JUSTIN WEEMS*
     *November 15, 2016*
     *JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.*
     *Case No. 3:15-CV-01173-N*
     *Northern District Texas Dallas Division*

**BALANCE DUE:** $103.00   X    *Make payable to  LARRY J. WARWICK*

**TERMS:**  Due upon receipt.

V39687

1150-6

DP

*Thank  you.*

# EXHIBIT 2-13

App. p. 127

April Hernandez  914-523-6-175

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664

Tulsa, Oklahoma  74153-0664

☎ 918-527-3777

**I n v o i c e**

December 28, 2016

TO:   Mr. Farsheed Fozouni
      Baron & Budd, P.C.
      3102 Oak Lawn Avenue, Suite 1100
      Dallas, Texas   75219

RE:   Copy of Deposition of: RICHARD FOSTER
      December 15, 2016
      JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
      Case No. 3:15-CV-01173-N
      Northern District Texas Dallas Division

**BALANCE DUE:** $106.00   X   Make payable to  LARRY J. WARWICK

Y 39687

1150-6

**TERMS:** Due upon receipt.

*Thank you.*

No. 0008   P. 1        AAA MANCUSO INSURANCE AGENCY        9:33AM  Dec. 28. 2016

# EXHIBIT 2-14

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664
Tulsa, Oklahoma  74153-0664
☎ 918-527-3777

*Invoice*

December 28, 2016

**TO:**   Mr. Farsheed Fozouni
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

**RE:**   Copy of Deposition of: JACOB BATTEN
December 15, 2016
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-N
Northern District Texas Dallas Division

**BALANCE DUE:** $102.00   X   Make payable to  LARRY J. WARWICK

**TERMS:** Due upon receipt.

V39687
1150-6

*Thank you.*

App. p. 130

19

Dec. 28. 2016 9:33AM      AAA MANCUSO INSURANCE AGENCY      No. 0008   P. 2

# EXHIBIT 2-15

App. p. 131

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

### I n v o i c e

February 28, 2017

**TO:**     Mr. Farsheed Fozouni
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

**RE:**     Copy of Deposition of: BOBBY D. WILKINSON
February 23, 2017
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-N
Northern District Texas Dallas Division

*V39687*

*1150-6*

**BALANCE DUE:** $110.00   X   Make payable to  LARRY J. WARWICK

*15-124081*

*M*

**TERMS:** Due upon receipt.

*Thank you.*

# EXHIBIT 2-16

App. p. 133

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664
Tulsa, Oklahoma 74153-0664
☎ 918-527-3777

I n v o i c e

---

February 28, 2017

TO:      Mr. Farsheed Fozouni
         Baron & Budd, P.C.
         3102 Oak Lawn Avenue, Suite 1100
         Dallas, Texas    75219

RE:      Copy of Deposition of: ROBERT BARELA
         February 24, 2017
         JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
         Case No. 3:15-CV-01173-N
         Northern District Texas Dallas Division

V39687
1150-6
15-12408-1
DP

BALANCE DUE:  $154.00   X   Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank  you.*

# EXHIBIT 2-17

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664                          I n v o i c e
Tulsa, Oklahoma  74153-0664
   ☎ 918-527-3777

                                        *April 25, 2017*

TO:    *Mr. Farsheed Fozouni*
       *Baron & Budd, P.C.*
       *3102 Oak Lawn Avenue, Suite 1100*
       *Dallas, Texas    75219*

RE:    *Copy of Deposition of: JOHNNY L. MEADOWS*
       *April 19, 2017*
       *JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.*
       *Case No. 3:15-CV-01173-N*
       *Northern District Texas Dallas Division*

BALANCE DUE:  $173.00   X    *Make payable to  LARRY J. WARWICK*

                                        Y- 39687
TERMS:  Due upon receipt.               11506  TWP
                                        15124081
                 *Thank  you.*

# EXHIBIT 2-18

App. p. 137

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664
Tulsa, Oklahoma  74153-0664
☎ 918-527-3777

*Invoice*

*April 26, 2017*

**TO:**  Mr. Farsheed Fozouni
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

**RE:**  Copy of Deposition of: DEREK MUNGER
April 19, 2017
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-N
Northern District Texas Dallas Division

**BALANCE DUE:** $130.00    X    *Make payable to  LARRY J. WARWICK*

**TERMS:** Due upon receipt.

V- 39687
1150-6  PP

*Thank you.*    15124081

# EXHIBIT 2-19

App. p. 139

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664
Tulsa, Oklahoma 74153-0664
☎ 918-527-3777

**I n v o i c e**

*April 26, 2017*

TO:     Mr. Farsheed Fozouni
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas    75219

RE:     Copy of Deposition of: SANFORD BISSELL
        April 20, 2017
        JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
        Case No. 3:15-CV-01173-N
        Northern District Texas Dallas Division

**BALANCE DUE:** $100.00   X    Make payable to  LARRY J. WARWICK

V- 39687

1160-6 DP

**TERMS:** Due upon receipt.

*Thank you.*     15 12408 1

App. p. 140 24

# EXHIBIT 2-20

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664
Tulsa, Oklahoma  74153-0664
☎  918-527-3777

### I n v o i c e

*July 17, 2017*

**TO:**   Mr. Michael Ellis
         Baron & Budd, P.C.
         3102 Oak Lawn Avenue, Suite 1100
         Dallas, Texas    75219

V39687

1150-6
15.124081

**RE:**   *Copy of Deposition of: DOMINIC CERNA*
         *July 11, 2017*
         *JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.*
         *Case No. 3:15-CV-01173-N*
         *Northern District Texas Dallas Division*

**BALANCE DUE:** *$213.00*   X    *Make payable to  LARRY J. WARWICK*

**TERMS:** Due upon receipt.

*Thank you.*

# EXHIBIT 2-21

App. p. 143

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

**I n v o i c e**

*July 25, 2017*

**TO:**   Mr. Michael Ellis
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

**RE:**   *Copy of Deposition of: MARGARITO RODRIGUEZ*
*July 14, 2017*
*JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.*
*Case No. 3:15-CV-01173-N*
*Northern District Texas Dallas Division*

**BALANCE DUE:** $185.00   ✗   *Make payable to  LARRY J. WARWICK*

**TERMS:  Due upon receipt.**

V39687
1150-6

*Thank you.*

15-12408-1

# EXHIBIT 2-22

App. p. 145

*214-523-6275*

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

### Invoice

*August 24, 2017*

**TO:**  Mr. Michael Ellis
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas   75219

V39687
1150-6 DP
15-12408-1

**RE:**  Copy of Deposition of: ROBERT WOODS
August 17, 2017
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-P
Northern District Texas Dallas Division

**BALANCE DUE:** $184.00   X   Make payable to  LARRY J. WARWICK

**TERMS:**  Due upon receipt.

*Thank you.*

# EXHIBIT 2-23

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664                              I n v o i c e
Tulsa, Oklahoma  74153-0664
    ☎  918-527-3777

---

*August 25, 2017*

TO:    Mr. Michael Ellis
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas   75219

RE:    Copy of Deposition of: BRYAN BURGE
        August 18, 2017
        JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
        Case No. 3:15-CV-01173-P
        Northern District Texas Dallas Division

V39687
1150-6 mp
15-12408-1

BALANCE DUE: $167.00   X    Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank you.*

# EXHIBIT 2-24

App. p. 149

Aug. 30. 2017 9:21AM AAA MANCUSO INSURANCE AGENCY No. 0081 5-P.

Case 3:15-cv-01173-N Document 238-2 Filed 05/09/18 Page 90 of 115 PageID 7474

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

# Invoice

*August 30, 2017*

**TO:**   Mr. Michael Ellis
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas    75219

V39687

1150-6

**RE:**   Copy of Deposition of: THOMAS BROWN
August 24, 2017
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-P
Northern District Texas Dallas Division

**BALANCE DUE:** $121.00   X   *Make payable to  LARRY J. WARWICK*

**TERMS:** Due upon receipt.

*Thank you.*

# EXHIBIT 2-25

App. p. 151

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma  74153-0664

☎ 918-527-3777

*Invoice*

*August 30, 2017*

TO:     Mr. Michael Ellis
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas    75219

RE:     Copy of Deposition of: DANIEL BEGLEY
        August 25, 2017
        JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
        Case No. 3:15-CV-01173-P
        Northern District Texas Dallas Division

V39687

1150 6

BALANCE DUE:  $155.00    X    Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank you.*

# EXHIBIT 2-26

App. p. 153

# K D Reporting Service

P.O. Box 35664

Tulsa, Oklahoma 74153-0664

☎ 918-527-3777

**I n v o i c e**

*August 24, 2017*

TO:     Ms. Madalene Witterholt
        Crowe & Dunlevy
        321 South Boston, Suite 500
        Tulsa, Oklahoma  74103

RE:     Appearance fee Deposition of: JASON THOMAS
        August 18, 2017
        JOHNNY L. MEADOWS -vs- LATSHAW DRILLING COMPANY
        Case No. 3:15-cv-01173-P
        Northern District Texas Dallas Division

V39v87
1150 6
mp

**BALANCE DUE:**  $100.00   *X*

**TERMS:**  Due upon receipt.
        *PLEASE MAKE CHECK PAYABLE TO  LARRY J. WARWICK*

        *Thank  you.*

# EXHIBIT 2-27

App. p. 155

SEP-13-2016  6:11PM   AAA MANCUSO INS. 918-749-6658                    NO. 224   P. 2

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664
Tulsa, Oklahoma  74153-0664
&#9742; 918-527-3777

## Invoice

September 14, 2016

TO:    Mr. Allen Vaught
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas    75219

RE:    Copy of Deposition of: BRIAN MENASCO
       September 8, 2016
       JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
       Case No. 3:15-CV-01173-N
       Northern District Texas Dallas Division

BALANCE DUE:  $170.00   X    Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank you.*

I.D. No. 443582777

# EXHIBIT 2-28

App. p. 157

# LARRY J. WARWICK
## Certified Shorthand Reporter

P.O. Box 35664

Tulsa, Oklahoma  74153-0664

☎ 918-527-3777

**I n v o i c e**

---

September 14, 2016

**TO:**  Mr. Allen Vaught
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas   75219

**RE:**  Copy of Deposition of: JEFF GOODWIN
September 8, 2016
JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
Case No. 3:15-CV-01173-N
Northern District Texas Dallas Division

**BALANCE DUE:** $124.00  X   Make payable to  LARRY J. WARWICK

**TERMS:**  Due upon receipt.

*Thank you.*

I.D. No. 443582777

# EXHIBIT 2-29

# LARRY J. WARWICK
## Certified Shorthand Reporter
P.O. Box 35664
Tulsa, Oklahoma 74153-0664
☎ 918-527-3777

### Invoice

September 14, 2016

TO:    Mr. Allen Vaught
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas    75219

RE:    Copy of Deposition of: WILLIAM HILYER, III
       September 8, 2016
       JOHNNY L. MEADOWS, et al -vs- LATSHAW DRILLING CO.
       Case No. 3:15-CV-01173-N
       Northern District Texas Dallas Division

BALANCE DUE:  $111.00   X    Make payable to  LARRY J. WARWICK

TERMS:  Due upon receipt.

*Thank you,*

I.D. No. 443582777

# EXHIBIT 2-30

**INVOICE**

Page    1

# DTI

Phone:    888-513-9800

Baron & Budd PC
3102 Oak Lawn Avenue
Dallas, TX 75219-4281

| | |
|---|---|
| Invoice #: | M-136713 |
| Invoice Date: | 06/30/17 |
| Our Order #: | HO-112919-02 |
| Customer #: | 112055 |

Attn: APRIL HERNANDEZ

Terms: Due upon receipt

Case No: 3:15-cv-01173-P

FIRM MATTER ID        2069413-0002

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Johnny L. Meadows, et al. v. Latshaw Drilling Company | | | | |
| | | | | |
| Job Date: 01/24/17 | | | | |
| Deponent: Donald Medlin | | | | |
| Exhibit Scanning - OCR-PDF-Pg-STD | 10 | PAGE | $0.40 | $4.00 |
| Deposition Transcript - Copy-Pg-STD | 37 | PAGE | $3.00 | $111.00 |
| | | | | |
| Job Date: 01/24/17 | | | | |
| Deponent: John Carl Ellis | | | | |
| Exhibit Scanning - OCR-PDF-Pg-STD | 80 | PAGE | $0.40 | $32.00 |
| Deposition Transcript - Copy-Pg-STD | 60 | PAGE | $3.00 | $180.00 |

| | |
|---|---|
| Subtotal: | $327.00 |
| Sales Tax | $0.00 |
| Total Invoice USD | $327.00 |

**Depo Location:**    3102 Oak Lawn Ave.
Suite 100
Dallas, TX 75219

Thank You. Your Business is appreciated.

V 19409
1150 -55
ASJ

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

App. p. 162

Tax No: 58-2413793 

# EXHIBIT 2-31

App. p. 163

HH-11 15 124081



**INVOICE**

Page    1

Phone:    888-513-9800

Baron & Budd PC
3102 Oak Lawn Avenue
Dallas, TX 75219-4281

| | |
|---|---|
| Invoice #: | M-136715 |
| Invoice Date: | 06/30/17 |
| Our Order #: | HO-119049-02 |
| Customer #: | 112055 |

Attn:  APRIL HERNANDEZ

Terms: Due upon receipt

Case No: 3:15-cv-01173-P

FIRM MATTER ID       2069413-0002
Copy of Transcript
Johnny L. Meadows, et al. v. Latshaw
Drilling Company
Job Date: 03/15/17
Deponent: Chance Blasingame

| | |
|---|---|
| | $261.80 |
| **Subtotal:** | **$261.80** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$261.80** |

**Depo Location:**       3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219

Thank You. Your Business is appreciated.

V19409

1150.55

| | |
|---|---|
| REMIT TO: | PLEASE PAY FROM THIS INVOICE |
| DTI | ABA Routing #: 121000248 |
| PO Box 936158 | Beneficiary Account #: 4125126904 |
| Atlanta, GA 31193-6158 | Beneficiary Name: DTI |

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax No: 58-2413793

App. 2  164

# EXHIBIT 2-32

AO44
(Rev. 11/07)

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

INVOICE NO: 00000591

**MAKE CHECKS PAYABLE TO:**

Mr. Allen Vaught
Baron & Budd, PC
3102 Oak Lawn, Suite 1100
Dallas, TX 75219

Phone:   (214) 521-3605

Shawn McRoberts, RMR, CRR
United States Court Reporter
1100 Commerce, Rm. 1504
Dallas, TX 75242

Phone:   (214) 753-2349
FAX      (214) 753-2707

shawn_mcroberts@txnd.uscourts.gov

| | | |
|---|---|---|
| ☐ CRIMINAL    ☒ CIVIL | DATE ORDERED: 08-02-2018 | DATE DELIVERED: 08-03-2018 |

Case Style: 3:15-CV-1173-N, Johnny Meadows v Latshaw Drilling
Daily transcript of Trial, Volumes 1 and 2

V27093
1150-b
15-12408-1

| CATEGORY | ORIGINAL | | | 1ST COPY | | | 2ND COPY | | | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|---|
| | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | |
| Ordinary | | | | | | | | | | |
| 14-Day | | | | | | | | | | |
| Expedited | | | | | | | | | | |
| Daily | | | | 281 | 1.20 | 337.20 | | | | 337.20 |
| Hourly | | | | | | | | | | |
| Realtime | | | | | | | | | | |

| | | |
|---|---|---|
| Misc. Desc. | MISC. CHARGES: | |
| | TOTAL: | 337.20 |
| | LESS DISCOUNT FOR LATE DELIVERY: | |
| | TAX (If Applicable): | |
| | LESS AMOUNT OF DEPOSIT: | |
| | TOTAL REFUND: | |
| Date Paid:        Amt: | TOTAL DUE: | $337.20 |

### ADDITIONAL INFORMATION
Full price may be charged only if the transcript is delivered within the required time frame.  For example, if an order
for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the
ordinary delivery rate.

### CERTIFICATION
I certify that the transcript fees  charged  and  page  format  used  comply with the requirements of this court and the
Judicial Conference of the United States.

| SIGNATURE | DATE   08-03-2018 |
|---|---|

(All previous editions of this form are
cancelled and should be destroyed)

33

# EXHIBIT 2-33

App. p. 167

AO44
(Rev. 11/07)

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

INVOICE NO:  00000594

### MAKE CHECKS PAYABLE TO:

Mr. Allen Vaught
Baron & Budd, PC
3102 Oak Lawn, Suite 1100
Dallas, TX 75219

Phone:  (214) 521-3605

Shawn McRoberts, RMR, CRR
United States Court Reporter
1100 Commerce, Rm. 1504
Dallas, TX 75242

Phone:    (214) 753-2349
FAX      (214) 753-2707

*shawn_mcroberts@txnd.uscourts.gov*

| | | DATE ORDERED: | DATE DELIVERED: |
|---|---|---|---|
| ☐ CRIMINAL  ☒ CIVIL | | 08-07-2018 | 08-12-2018 |

**Case Style:** 3:15-CV-1173-N, Johnny Meadows v Latshaw Drilling
Remaining days of transcript 08/06/2018, 08/07/2018

*r-27093*
*1150-6* *MP*

| CATEGORY | ORIGINAL | | | 1ST COPY | | | 2ND COPY | | | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|---|
| | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | |
| Ordinary | | | | | | | | | | |
| 14-Day | | | | | | | | | | |
| Expedited | 398 | 2.93 | 1,166.14 | | | | | | | 1,166.14 |
| Daily | | | | | | | | | | |
| Hourly | | | | | | | | | | |
| Realtime | | | | | | | | | | |

| Misc. Desc. | MISC. CHARGES: | |
|---|---|---|
| | TOTAL: | 1,166.14 |
| | LESS DISCOUNT FOR LATE DELIVERY: | |
| | TAX (If Applicable): | |
| | LESS AMOUNT OF DEPOSIT: | |
| | TOTAL REFUND: | |
| Date Paid:          Amt: | TOTAL DUE: | $1,166.14 |

### ADDITIONAL INFORMATION
Full price may be charged only if the transcript is delivered within the required time frame.  For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the ordinary delivery rate.

### CERTIFICATION
I certify that the transcript fees charged and page format used comply with the requirements of this court and the Judicial Conference of the United States.

| SIGNATURE | DATE |
|---|---|
| | 08-12-2018 |

*(All previous editions of this form are cancelled and should be destroyed)*

App. p. 168   34

# EXHIBIT 2-34

# BARON & BUDD PC

## Account Detail

Date Range
From: 2018-04-01 00:00
To: 2018-04-30 23:59

### 15124081 General, FLSA Latshaw Drilling and Explo / :

#### USD ( U.S. Dollars )

Copy Transaction(s)

| UserName | Date | Time | Unit ID | Description | Size | Pages | Gross Charges | Net Charges | Status |
|---|---|---|---|---|---|---|---|---|---|
| Leroy Heckman | 4/30/2018 | 10:36 | DACC01B | | CLRCOPY | 7,534 | 1,130.10 | 1,130.10 | Billed |
| Leroy Heckman | 4/30/2018 | 10:36 | DACC01B | | BWCOPY | 53 | 7.95 | 7.95 | Billed |
| Transtotals for Copy: | | | | | | 7,587 | 1,138.05 | 1,138.05 | |

Print Transaction(s)

| UserName | Date | Time | Unit ID | Document | Type | Pages | Gross Charges | Net Charges | Status |
|---|---|---|---|---|---|---|---|---|---|
| Leroy Heckman | 4/30/2018 | 09:58 | LTPRINT | No. 11.Pdf | BWPRINT | 46 | 6.90 | 6.90 | Billed |
| Leroy Heckman | 4/30/2018 | 09:58 | LTPRINT | No. 12.Pdf | BWPRINT | 13 | 1.95 | 1.95 | Billed |
| Leroy Heckman | 4/30/2018 | 09:59 | LTPRINT | No. 13.Pdf | BWPRINT | 36 | 5.40 | 5.40 | Billed |
| Leroy Heckman | 4/30/2018 | 09:59 | LTPRINT | No. 14.Pdf | BWPRINT | 64 | 9.60 | 9.60 | Billed |
| Leroy Heckman | 4/30/2018 | 10:00 | LTPRINT | No. 15.Pdf | BWPRINT | 39 | 5.85 | 5.85 | Billed |
| Leroy Heckman | 4/30/2018 | 10:01 | LTPRINT | No. 16.Pdf | BWPRINT | 49 | 7.35 | 7.35 | Billed |
| Leroy Heckman | 4/30/2018 | 10:01 | LTPRINT | No. 17.Pdf | BWPRINT | 39 | 5.85 | 5.85 | Billed |
| Leroy Heckman | 4/30/2018 | 10:01 | LTPRINT | No. 18.Pdf | BWPRINT | 17 | 2.55 | 2.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:02 | LTPRINT | No. 19.Pdf | BWPRINT | 60 | 9.00 | 9.00 | Billed |
| Leroy Heckman | 4/30/2018 | 10:03 | LTPRINT | No. 20.Pdf | BWPRINT | 28 | 4.20 | 4.20 | Billed |
| Leroy Heckman | 4/30/2018 | 10:10 | LTPRINT | No. 21.Pdf | BWPRINT | 38 | 5.70 | 5.70 | Billed |
| Leroy Heckman | 4/30/2018 | 10:12 | LTPRINT | No. 22.Pdf | BWPRINT | 11 | 1.65 | 1.65 | Billed |
| Leroy Heckman | 4/30/2018 | 10:13 | LTPRINT | No. 23.Pdf | BWPRINT | 20 | 3.00 | 3.00 | Billed |
| Leroy Heckman | 4/30/2018 | 10:13 | LTPRINT | No. 24.Pdf | BWPRINT | 4 | 0.60 | 0.60 | Billed |
| Leroy Heckman | 4/30/2018 | 10:13 | LTPRINT | No. 25.Pdf | BWPRINT | 61 | 9.15 | 9.15 | Billed |
| Leroy Heckman | 4/30/2018 | 10:14 | LTPRINT | No. 26.Pdf | BWPRINT | 26 | 3.90 | 3.90 | Billed |
| Leroy Heckman | 4/30/2018 | 10:14 | LTPRINT | No. 27.Pdf | BWPRINT | 29 | 4.35 | 4.35 | Billed |
| Leroy Heckman | 4/30/2018 | 10:14 | LTPRINT | No. 28.Pdf | BWPRINT | 13 | 1.95 | 1.95 | Billed |
| Leroy Heckman | 4/30/2018 | 10:14 | LTPRINT | No. 29.Pdf | BWPRINT | 60 | 9.00 | 9.00 | Billed |
| Leroy Heckman | 4/30/2018 | 10:15 | LTPRINT | No. 30.Pdf | BWPRINT | 91 | 13.65 | 13.65 | Billed |
| Leroy Heckman | 4/30/2018 | 10:15 | LTPRINT | No. 31.Pdf | BWPRINT | 126 | 18.90 | 18.90 | Billed |
| Leroy Heckman | 4/30/2018 | 10:15 | LTPRINT | No. 32.Pdf | BWPRINT | 69 | 10.35 | 10.35 | Billed |
| Leroy Heckman | 4/30/2018 | 10:16 | LTPRINT | No. 34.Pdf | BWPRINT | 30 | 4.50 | 4.50 | Billed |
| Leroy Heckman | 4/30/2018 | 10:16 | LTPRINT | No. 35.Pdf | BWPRINT | 5 | 0.75 | 0.75 | Billed |
| Leroy Heckman | 4/30/2018 | 10:16 | LTPRINT | No. 36.Pdf | BWPRINT | 17 | 2.55 | 2.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:16 | LTPRINT | No. 37.Pdf | BWPRINT | 19 | 2.85 | 2.85 | Billed |
| Leroy Heckman | 4/30/2018 | 10:17 | LTPRINT | No. 38.Pdf | BWPRINT | 17 | 2.55 | 2.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:17 | LTPRINT | No. 39.Pdf | BWPRINT | 12 | 1.80 | 1.80 | Billed |
| Leroy Heckman | 4/30/2018 | 10:17 | LTPRINT | No. 40.Pdf | BWPRINT | 13 | 1.95 | 1.95 | Billed |
| Leroy Heckman | 4/30/2018 | 10:17 | LTPRINT | No. 41.Pdf | BWPRINT | 16 | 2.40 | 2.40 | Billed |
| Leroy Heckman | 4/30/2018 | 10:17 | LTPRINT | No. 42.Pdf | BWPRINT | 6 | 0.90 | 0.90 | Billed |
| Leroy Heckman | 4/30/2018 | 10:18 | LTPRINT | No. 43.Pdf | BWPRINT | 25 | 3.75 | 3.75 | Billed |

Included transaction type(s): Fax, Copy, Disb, DBase, Laser, Time, Phone

App. p. 170

# BARON & BUDD PC

## Account Detail

Date Range
From: 2018-04-01 00:00
To: 2018-04-30 23:59

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Leroy Heckman | 4/30/2018 | 10:18 | LTPRINT | No. 44.Pdf | BWPRINT | 17 | 2.55 | 2.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:19 | LTPRINT | No. 45.Pdf | BWPRINT | 105 | 15.75 | 15.75 | Billed |
| Leroy Heckman | 4/30/2018 | 10:20 | LTPRINT | No. 46.Pdf | BWPRINT | 20 | 3.00 | 3.00 | Billed |
| Leroy Heckman | 4/30/2018 | 10:20 | LTPRINT | No. 47.Pdf | BWPRINT | 21 | 3.15 | 3.15 | Billed |
| Leroy Heckman | 4/30/2018 | 10:25 | LTPRINT | No. 48.Pdf | BWPRINT | 37 | 5.55 | 5.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:28 | LTPRINT | No. 49.Pdf | BWPRINT | 17 | 2.55 | 2.55 | Billed |
| Leroy Heckman | 4/30/2018 | 10:29 | LTPRINT | No. 52.Pdf | BWPRINT | 40 | 6.00 | 6.00 | Billed |
| Transtotals for Print: | | | | | | 1,356 | 203.40 | 203.40 | |
| Totals for USD ( U.S. Dollars ): | | | | | | | 1,341.45 | 1,341.45 | |

Included transaction type(s): Fax, Copy, Disb, DBase, Laser, Time, Phone

App. p. 171

# EXHIBIT 2-35

**Stryker Reporting**                                                  **Invoice**

**Prompt and Precise Litigation Support**

1450 Hughes Road
Suite 106
Grapevine TX 76051
Phone: (817) 494-0700          Fax: (817) 494-0778

| Invoice Date | Invoice # |
|---|---|
| Tuesday, August 7, 2018 | 3710A |

Allen R. Vaught
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Phone:                    Fax:

| | |
|---|---|
| **Witness:** | Amanda Reid - Trial Subpoena (served) |
| **Case:** | Meadows vs. Latshaw Drillling |
| **Venue:** | In the United States District Court |
| **Case #:** | 3:15-cv-01173-N |
| **Date:** | 8/6/2018 |
| **Start Time:** | 10:30 AM |
| **End Time:** | : 0 |
| **Reporter:** | |
| **Claim #:** | |
| **File #:** | *18667A* |

| Description | Each | Total |
|---|---|---|
| Rush Service | $99.00 | $99.00 |
| Additional Attempts | $49.00 | $147.00 |
| Wait time | $89.00 | $89.00 |
| Witness Fee | $80.00 | $80.00 |
| **Sub Total** | | $415.00 |
| **Payments** | | $415.00 |
| **Balance Due** | | $0.00 |

**Fed. I.D. # 81-3014194**

***Please reference the invoice number on your check.***

# EXHIBIT 2-36

App. p. 174

**Stryker Reporting**                                    **Invoice**

**Prompt and Precise Litigation Support**

1450 Hughes Road
Suite 106
Grapevine TX 76051
Phone: (817) 494-0700          Fax: (817) 494-0778

| Invoice Date | Invoice # |
|---|---|
| Tuesday, August 7, 2018 | 3711A |

Allen R. Vaught
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Phone:                    Fax:

| | |
|---|---|
| **Witness:** | Trent Latshaw - Trial Subpoena (served) |
| **Case:** | Meadows vs. Latshaw Drillling |
| **Venue:** | In the United States District Court |
| **Case #:** | 3:15-cv-01173-N |
| **Date:** | 8/6/2018 |
| **Start Time:** | 10:30 AM |
| **End Time:** | : 0 |
| **Reporter:** | |
| **Claim #:** | |
| **File #:** | *18668A* |

| Description | Each | Total |
|---|---|---|
| Rush Service | $99.00 | $99.00 |
| Wait time | $89.00 | $89.00 |
| Witness Fee | $80.00 | $80.00 |
| **Sub Total** | | $268.00 |
| **Payments** | | $268.00 |
| **Balance Due** | | $0.00 |

**Fed. I.D. # 81-3014194**

*Please reference the invoice number on your check.*