IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L. MEADOWS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-1173-N |
| | § | |
| LATSHAW DRILLING COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Latshaw Drilling Company, LLC's ("Latshaw") motion to amend findings and judgment [234], Plaintiff Johnny L. Meadows's motion to alter or amend judgment [239], which he filed on behalf of himself and the collective action members in this case (collectively, "Plaintiffs"), and Plaintiffs' motion for attorneys' fees and costs [237]. For the following reasons, the Court denies Latshaw's and Plaintiffs' motions to amend judgment, and the Court awards attorneys' fees and costs to Plaintiffs.

### I. ORIGINS OF THE DISPUTE

This is a suit for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 and the Portal-to-Pay Act, 29 U.S.C. §§ 251–52 (collectively, "FLSA"). This dispute concerns whether certain money, specifically oil based mud ("OBM") and bonus pay, paid to Plaintiffs should be included in Plaintiffs' regular rate of pay.

The Court issued findings of fact and conclusions of law and found that Latshaw should have included the OBM and bonus pay in the regular rate of pay. But the Court found that Latshaw did not act willfully in failing to pay appropriate overtime.

MEMORANDUM OPINION AND ORDER – PAGE 1

Accordingly, the Court granted judgment for Plaintiffs and found that Plaintiffs are entitled to $72,383.29 in back wages. However, the Court found Plaintiffs are not entitled to liquidated damages because Latshaw acted in good faith and with reasonable grounds to believe its actions were not in violation of the FLSA.

Both parties filed motions to amend the judgment. Plaintiffs also seek attorneys' fees and court costs.

## II. THE COURT DENIES LATSHAW'S RULE 52(B) MOTION TO AMEND JUDGMENT

The Court denies Latshaw's Rule 52(b) motion. Under Rule 52(b), a party can request the Court to amend its finding or make additional findings. FED. R. CIV. P. 52(b). A motion to amend findings serves "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Parties cannot use a motion to amend to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Id.* "Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record." *Id.*

Here, the Court denies Latshaw's motion. Latshaw argues that Plaintiffs failed to meet their burden by not providing sufficient representative testimony and failed to prove that Latshaw operators had actual or apparent authority to distribute the bonus payments. Latshaw Drilling Company's Br. Supp. Mot. Amend Findings and J. Pursuant Fed. R. Civ. P. 52(b) 2, 17 [235]. Additionally, Latshaw filed supplemental authority regarding when third-party bonus payments constitute remuneration for employment under the FLSA.

Latshaw Drilling Company's Notice New Suppl. Authority Supporting Its Mot. Amend Findings and J. Pursuant Fed. R. Civ. P. 52 1 [252].

However, the Court does not find sufficient grounds to amend its findings of fact or make additional findings. The Court concludes that Latshaw does not present any new evidence or demonstrate a manifest error of law or fact. While Latshaw filed supplemental authority, the Court does not find this nonbinding authority establishes that the findings of fact and conclusions of law are not supported by the evidence in the record. Finding no basis for granting Latshaw's requested relief, the Court declines to modify the findings or the judgment. Accordingly, the Court denies Latshaw's motion.

### III. THE COURT DENIES PLAINTIFFS' RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT

The Court denies Plaintiffs' Rule 59(e) motion to alter or amend judgment. Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment after its entry when there is newly discovered evidence or a manifest error of law or fact. FED. R. CIV. P. 59(e); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also S. Constructors Grp., Inc. v. Dynalectirc Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (stating that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment"). A party may not use a Rule 59(e) motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Instead, Rule 59(e) serves the narrow purpose of amending a judgment when there is a change in controlling law, where the movant presents new evidence, or to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc*, 342 F.3d 563, 567 (5th Cir. 2003).

Here, the Court denies Plaintiffs' Rule 59(e) motion. Plaintiffs argue that the Court's previous Order [229] incorrectly denied Plaintiffs liquidated damages. Pl.'s Mot. Alter or Amend J. Pursuant Rule 59(e) Federal Rules Civil Procedure 5–10 [239]. However, the Court finds that Plaintiffs do not present any new evidence or clearly establish any manifest error in law or fact to warrant reconsideration. Accordingly, the Court denies Plaintiffs' motion to alter or amend the judgment.

### IV. THE COURT AWARDS PLAINTIFFS REDUCED ATTORNEYS' FEES

The Court awards Plaintiffs $326,000 in attorneys' fees. While Plaintiffs request $608,292.90 in attorneys' fees, the Court reduces the lodestar by 3% and makes a downward departure of approximately 45%.

#### A. Standard for Attorneys' Fees

The FLSA allows prevailing plaintiffs to collect reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). To determine whether requested fees are reasonable, the Court utilizes the lodestar method. *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018).

The Court calculates the lodestar by "multiplying the hours reasonably spent on the case by an appropriate hourly rate." *Id.* This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461

U.S. 424, 434–35 (1983). When calculating a reasonable lodestar, the Court can make line-by-line cuts or simple across-the-board reductions. *Aguayo v. Bassam Odeh, Inc.*, 2016 WL 7178967, at *4 (N.D. Tex. Dec. 8, 2016) (Boyle, J.).

Next, the Court can increase or decrease the lodestar amount based on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). These factors include:

> (1) the time and labor required to litigate the case,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill required to litigate the case,
> (4) whether taking the case precluded the attorney from other employment,
> (5) the customary fee for similar work in the community,
> (6) the fee or percentage of recovery the attorney quoted to the client,
> (7) whether the client or case required expedited legal work,
> (8) the amount involved and results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirabilty" of the case,
> (11) the nature and length of the attorney-client relationship, and
> (12) awards made in similar cases.

*Johnson*, 488 F.2d at 717–19. However, the lodestar necessarily "subsumes" some *Johnson* factors. *See Hensley*, 461 U.S. at 434 n.9. The Court may not consider the "subsumed" factors when considering whether to enhance or reduce the lodestar under the *Johnson* factors. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The fee applicant has the burden to demonstrate the reasonableness of the attorneys' fees and the need for any adjustment or enhancement under the *Johnson* factors. *See Blum v. Stenson*, 465 U.S. 886, 901–02 (1984).

### B. Plaintiffs' Lodestar Calculation

Plaintiffs seek $608,292.90. Plaintiffs submitted evidence showing that seven attorneys, three paralegals, and two legal assistants from various firms spent a total of 2,080.2 hours working on this case. Pl.'s Mot. Att'ys' Fees and Costs Pursuant Fair Labor Standards Act 11 [237]. The attorneys' hourly rates range from $275.00 to $410.00. *Id.* The paralegals' hourly rate is $125.00, and the legal assistants' hourly rate is $45.00. *Id.* Plaintiffs' counsel calculated a base lodestar of $698,176.00, but Plaintiffs' counsel reduced the lodestar by 11.38% to account for billing judgment and by an additional $9,554.75 to account for clerical work.[1] *Id.* Accordingly, Plaintiffs' counsel seeks to recover $608,292.90 in attorneys' fees. Reply Supp. Pl.'s Mot. Att'ys' Fees and Costs Pursuant Fair Labor Standards Act 7 [251].

### C. The Court Reduces the Lodestar

The Court considers the reasonableness of the billing rates and the hours billed, and the Court reduces the lodestar by 3%.

***1. Reasonableness of the Billing Rates.*** The Court first considers the reasonableness of the billing rates. "Reasonable" attorneys' rates "are to be calculated according to the prevailing market rates in the relevant community." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The prevailing party can also recover

---

[1] Plaintiffs originally requested $618,692.65. Pl.'s Mot. Att'ys' Fees and Costs Pursuant Fair Labor Standards Act 11 [237]. In later briefing, Plaintiffs corrected an overbilled time entry and reduced their request for clerical work, which reduced Plaintiffs request to $608,292.90. Reply Supp. Pl.'s Mot. Att'ys' Fees and Costs Pursuant the Fair Labor Standards Act 6–7 [251].

MEMORANDUM OPINION AND ORDER – PAGE 6

reasonable fees for paralegals' work, but a reasonable fee for paralegals, like attorneys, is determined by the market rate. *See Sandoval v. Apfel*, 86 F. Supp. 2d 601, 610–11 (N.D. Tex. 2000) (Fitzwater, J.).

The Court finds that Plaintiffs' attorneys' rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Latshaw argues that Plaintiffs' attorneys' hourly rates are not comparable to the community rates. Def. Latshaw Drilling Company, LLC's Resp. Pls.' Mot. Att'y's Fees and Costs Pursuant Fair Labor Standards Act 15–16 [244]. However, the Court disagrees. Plaintiffs' evidence demonstrates that courts approved attorneys' rates ranging from $250 to $750 for 1 to 29 years of experience. App. Supp. Mot. Att'ys' Fees and Costs Pursuant Fair Labor Standards Act, Ex. B-1 [238]. Here, Plaintiffs' attorneys' rates range from $275.00 to $410.00 for 3.5 to 21 years of experience. Thus, the Court determines that the Plaintiffs' attorneys' hourly rates are in line with comparable community rates for attorneys of the same experience.

Additionally, the Court finds that Plaintiffs' paralegal fees are reasonable compared to the marketplace. Plaintiff provides evidence of rates ranging from $125.00 to $175.00 for paralegals and $190.00 for senior paralegals. The Court finds that Plaintiffs' paralegals' hourly rates of $125.00 are in line with the community rates.

**2. *Reasonableness of the Hours Billed.*** The Court considers whether the number of hours billed was reasonable. "The Court must determine the appropriate compensable hours based on the attorneys' time records, and compensate only for those hours reasonably

spent in relation to prevailing claims." *Coach Inc. v. Couture*, 2012 WL 3249470, at *2 (W.D. Tex. Aug. 7, 2012). The moving party must exercise appropriate billing judgment, which is the "usual practice of law firms in writing off unproductive, excessive or redundant hours." *Walker v. U.S. Dep't of Housing & Urban Devlp.*, 99 F.3d 761, 769 (5th Cir. 1996). Plaintiffs have the burden of showing the reasonableness of the hours they bill and must prove that they exercised billing judgment. *Id.* at 770.

Parties should avoid billing for clerical work. *Harris v. Colvin*, 2013 WL 2896880, at *5 (N.D. Tex. June 13, 2013) (Lynn, J.). "It is well-settled that clerical or secretarial costs are part of an attorney's office overhead and are reflected in his billing rate." *Stevenson v. Lasalle Corr. Transp., LLC*, 2015 WL 11120525, at *3 (N.D. Tex. Apr. 21, 2015) (Godbey, J.) (citing *Corman v. Lifecare Acquisitions Corp.*, 1998 WL 185517, at *2 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.)). "Fees can only be recovered for paralegal services to the degree that the paralegal performs work traditionally done by an attorney." *Saavedra v. Richards*, 2012 WL 13128570, at *4 (S.D. Tex. Mar. 22, 2012). "Purely clerical or secretarial tasks should not be billed at a paralegal rate," even if an attorney performs the tasks. *Champion v. ADT Sec. Servs., Inc.*, 2010 WL 4736908, at *6 (E.D. Tex. Nov. 16, 2010) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989)). Additionally, parties should not bill for legal assistant expenses because legal assistant fees are "separately unrecoverable overhead expenses." *Carroll v. Sanderson Farms, Inc.*, 2014 WL 549380, at *17 (S.D. Tex. Feb. 11, 2014) (internal quotations and citations omitted); *see also Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325–26, 325 n.1 (5th Cir. 1980).

Clerical duties consist of, among other things, reviewing court notices, scheduling, notifying clients and counsel of deadlines, preparing filings, maintaining files, copying, printing, labeling, and emailing documents, and communicating with court staff. *Carroll v. Sanderson Farms, Inc.*, 2014 WL 549380, at *17–18 (S.D. Tex. Feb. 11, 2014); *see also Walker*, 99 F.3d 761, 771 (5th Cir. 1996) (noting that responding to requests for information, gathering information, investigating plaintiffs' complaints, and compiling facts consist of clerical duties).

Here, the Court finds that the lodestar should be reduced to account for billing judgment. Plaintiffs reduced their requested fee by 11.38%, but Latshaw contends that Plaintiffs' attorneys and paralegals charged for nonlegal tasks. Def. Latshaw Drilling Company, LLC's Resp. Pls.' Mot. Att'y's Fees and Costs Pursuant Fair Labor Standards Act 10–13 [244]. The Court agrees with Latshaw and reduces the lodestar for clerical work and nonlegal tasks, such as, among other tasks, scheduling travel arrangements, corresponding with chambers and opposing counsel, maintaining documents and files, and filing documents with the Court.

Further, the Court reduces the lodestar because Plaintiffs' counsel cannot recover for hours worked by their legal assistants. The Court finds that Plaintiffs did not provide sufficient evidence showing that their legal assistances' expenses could be recovered as an hourly fee. Thus, the Court finds these expenses are unrecoverable overhead, and the Court reduces the lodestar to account for legal assistants' expenses. *See Carroll v. Sanderson Farms, Inc.*, 2014 WL 549380, at *17 (S.D. Tex. Feb. 11, 2014).

Accordingly, the Court reduces the lodestar by 3%, which results in an adjusted lodestar of $590,044.11.

### D. The Court Reduce the Lodestar Based on Johnson Factors

The Court makes a downward departure of the lodestar by approximately 45%. Upon considering the *Johnson* factors, specifically (1) time and labor required to litigate the case, (4) whether taking the case precluded the attorney from other employment, and (8) the amount involved and the results obtained, the Court finds that the lodestar should be adjusted downward.

***1. Time and Labor Required.*** After evaluating the time and labor required, the Court finds that it should adjust the lodestar downward because of duplication of efforts among Plaintiffs' counsel. Parties should reduce fees for overlapping tasks and redundant work. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). When more than one attorney is involved, "the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Johnson*, 488 F.2d at 717. Plaintiffs' had seven attorneys, three paralegals, and two legal assistants working on the case, and the time entries show that multiple attorneys logged time for deposition preparation, document drafting, and other miscellaneous tasks that could have been performed by fewer attorneys. Thus, the Court finds this factor warrants a downward departure.

***2. Preclusion from Other Employment.*** The Court finds that *Johnson* factor four regarding preclusion from other employment warrants a downward departure from the lodestar. When evaluating this factor, the Court considers (1) "the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's

MEMORANDUM OPINION AND ORDER – PAGE 10

behalf for other purposes" and (2) whether the attorneys were prohibited from engaging in other business due to conflicts of interest. *Id.* at 718. Plaintiffs' attorneys and nonattorney staff logged 2,080.2 hours on this matter over the course of four years. The Court finds that this work divided over the course of four years and between seven attorneys, three paralegals, and two legal assistants does not demonstrate preclusion from other employment. Further, the Court finds that Plaintiffs' counsel does not present any evidence showing that Plaintiffs' counsel was prohibited from other engagements due to conflicts of interest. While the Court does not discount the work committed to this case, the Court finds that this factor warrants a downward departure of the lodestar.

    **3. *Amount Involved and Results Obtained*.** The Court reduces the award based on the proportionality of the damages award and the requested attorneys' fees. Proportionality should be considered when assessing a fee award. *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018). In fact, "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Id.* at 257–58. The Fifth Circuit has not created a strict proportionality requirement, and the Court should not reduce the fee award based on a low damage award alone. *Id.* at 258–59. When measuring the degree of success, the Court can look to "the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

    Further, if a fee-shifting statute is applicable, then the Court should consider the prevailing party's rejection of a Rule 68 offer that was more favorable than the final judgment. *Gurule*, 912 F.3d at 261. "Rule 68 does not *preclude* a fee award in FLSA cases, despite the prevailing plaintiff's previous rejection of a better offer," but rejection

MEMORANDUM OPINION AND ORDER – PAGE 11

of a Rule 68 offer is one factor the Court may consider when measuring the lack of success. *Id.* at 260 (emphasis in original). "In measuring that success, a court should ask whether the party would have been *more* successful had his attorney accepted a Rule 68 offer instead of pressing on to trial." *Id.* at 261 (emphasis in original).

Here, upon considering the damages award compared to the fees requested, the Court makes a downward departure. Plaintiffs' damages award is $72,383.29, and Plaintiffs' attorneys' fees request is $608,292.90—nearly nine times the amount of damages awarded. And even after reducing the lodestar, it is still nearly eight times the damages award. Prior to trial, Latshaw offered to settle the case for $75,000, but Plaintiffs refused the offer. Plaintiffs' rejection of the offer does not deny them an award of attorneys' fees, but Plaintiff's rejection does provide evidence regarding the relative success of the case. Plaintiffs obtained approximately 14% of their original request, and their ultimate award was less than Latshaw's offer of settlement. The Court finds a reduction in the lodestar is warranted because the damages award does not justify an attorneys' fee award of $608,292.90, or even a reduced fee award of $590,044.11. *See id.* at 259; *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (finding a fee award of six and a half times the damages award was too large). Thus, after weighing the *Johnson* factors, the Court reduces the lodestar by 45% and awards Plaintiffs $326,000 in attorneys' fees.

### V. THE COURT AWARDS PLAINTIFFS COURT COSTS

Plaintiffs request $13,321.29 under Rule 54(d) for costs associated with litigating this matter. Federal Rule of Civil Procedure 54(d) allows the prevailing party to collect

MEMORANDUM OPINION AND ORDER – PAGE 12

costs, unless the Court directs otherwise. FED. R. CIV. P. 54(d). Plaintiffs request costs for clerk fees, transcript fees, copy fees, and witness fees. Pl.'s Mot. Att'ys' Fees and Costs Pursuant Fair Labor Standards Act 21 [237]; Bill of Costs 1–2 [232]. Latshaw does not object to these costs. The Court finds the costs reasonable and awards $13,321.29 in costs against Latshaw.

## CONCLUSION

The Court denies Plaintiffs' Rule 59(e) motion to amend judgment, and the Court denies Latshaw's Rule 52(b) motion to alter or amend judgment. The Court awards Plaintiffs $326,000 in attorneys' fees and $13,321.29 in court costs.

Signed January 21, 2020.

David C. Godbey
United States District Judge